39411. WESTERN ELECTRIC COMPANY, INC. v. CAPES.

ORDER OF COURT.

After plenary consideration of this matter, it is found not to satisfy the criteria for the grant of certiorari and the writ is therefore vacated.

*All the Justices concur, except Hill, C. J., and Smith J., who dissent.*

ORDERED MAY 4, 1983.

*Robert E. Shields, Edmund M. Kneisel,* for appellant.
*Glenville Haldi, John W. Folsom,* for appellee.
*Thomas W. Thrash, Jr., A. Russell Blank,* amicus curiae.

HILL, Chief Justice, dissenting.

This is a workers' compensation case. See *Western Electric Co. v. Capes,* 164 Ga. App. 353 (296 SE2d 381) (1982). The injured employee, Capes, was employed by the Macke Company which had a contract with Western Electric (WECO) to service WECO's vending machines. Capes was injured while at work on WECO's premises. He received workers' compensation from his employer, Macke, and sued WECO in tort. The Court of Appeals found that, because servicing vending machines was not part of the business in which WECO was engaged, WECO was not Cape's statutory employer and hence could be sued in tort.

While I agree with the result reached by the Court of Appeals, I would affirm on an entirely different basis.

Our statutory employer provision, OCGA § 34-9-8 (Code Ann. § 114-112), reads in pertinent part as follows: "(a) A principal, intermediate, or subcontractor shall be liable for compensation to any employee injured while in the employ of any of his subcontractors engaged upon the subject matter of the contract to the same extent as the immediate employer. . . .

"(d) This Code section shall apply only in cases where the injury occurred on, in, or about the premises on which the principal contractor has undertaken to execute work or which are otherwise under his control or management."

It is clear to me that this provision was intended to apply, albeit not exclusively, to a construction project, where there typically would be an owner, a principal or general contractor, and subcontractors. The statute is applicable to the contractors, but not to the owner. In the case before us, WECO is the owner, not a principal contractor. If WECO were a principal contractor, what would that principal contract be? The vending machine contract? Certainly not.

In my view the Court of Appeals erred in *Godbee v. Western Electric Co.,* 161 Ga. App. 731 (288 SE2d 881) (1982), where that court held that the words "principal contractor" are broad enough to include an "owner."

Except for *Godbee,* the Court of Appeals could have decided this case simply by saying that here WECO was not a principal contractor within the meaning of OCGA § 34-9-8 (Code Ann. § 114-112) and therefore was subject to tort liability.

I therefore dissent to the dismissal of the writ of certiorari as I believe the rationale for the Court of Appeals' decision in this case is incorrect although the result reached is correct.

I am authorized to state that Mr. Justice Smith joins in this dissent.