66067. WILLIAMS et al. v. ATLANTA GAS LIGHT COMPANY.

POPE, Judge.
Appellant John Williams was injured while working in the scope and course of his employment at the intersection of Windy Hill Road and Powers Ferry Road in Cobb County, Georgia. At the time of this injury Williams was employed by Concrete Construction Company which was under contract with Atlanta Gas Light Company to furnish labor and materials for the installation of gas mains. The Board of Commissioners of Cobb County had authorized Atlanta Gas Light Company to lay gas mains along the rights-of-way in Cobb County.

Williams received workers' compensation benefits for the

injuries sustained from his employer, Concrete Construction Company, and then filed the instant tort action against Atlanta Gas Light Company. Appellant's wife filed a loss of consortium action based on these same facts. Atlanta Gas Light Company moved for and was granted summary judgment on the ground that it was immune from tort liability as a statutory employer as provided by OCGA §§ 34-9-8 (Code Ann. § 114-112) and 34-9-11 (Code Ann. § 114-103). Appellants now bring this appeal alleging that summary judgment was not properly awarded.

1. Appellants contend that the injury did not occur on the premises of Atlanta Gas Light Company and, therefore, OCGA § 34-9-8 (Code Ann. § 114-112) does not apply. OCGA § 34-9-8(d) (Code Ann. § 114-112) states: "This Code section shall apply only in cases where the injury occurred on, in, or about the premises on which the principal contractor has undertaken to execute work or which are otherwise under his control or management." Appellants seem to ignore the plain reading of the statute. The record discloses that the injury occurred on the premises on which the principal contractor, Atlanta Gas Light Company, had undertaken to execute work. Appellants concede that John Williams was employed by Concrete Construction Company which was under contract with Atlanta Gas Light Company to furnish labor and materials for the installation of gas mains, and that the work performed by Concrete Construction Company was construction work in connection with putting in new gas mains. Appellants also concede that Atlanta Gas Light Company had permission to enter upon the subject right-of-way for the purpose of construction. Thus, this enumeration of error has no merit.

2. Secondly, appellants allege that Atlanta Gas Light Company is not a statutory employer under OCGA § 34-9-8 (Code Ann. § 114-112). "Statutory employer" has been expanded to include "any employer who hires another employer to perform work." *Godbee v. Western Electric Co.,* 161 Ga. App. 731, 732 (288 SE2d 881) (1982); *Johnson v. Georgia Power Co.,* 165 Ga. App. 672 (302 SE2d 417) (1983). However, this criterion was narrowed in *Western Electric Co. v. Capes,* 164 Ga. App. 353, 356 (296 SE2d 381) (1982), where this court determined that the work which the covered employer contracted the employee's immediate employer to perform for it must be a "part of the essential overall manufacturing process." Accord, *Johnson v. Georgia Power Co.,* supra.

In the case at hand, it is undisputed that Atlanta Gas Light Company is in the business of supplying natural gas to its customers and that the construction of gas mains is essential to that business. The contract here was to provide materials and labor for the installation of gas mains. Thus, Atlanta Gas Light Company was a

statutory employer pursuant to OCGA § 34-9-8 (Code Ann. § 114-112), and summary judgment was properly awarded by the trial court.

*Judgment affirmed. Quillian, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 6, 1983 —
REHEARING DENIED SEPTEMBER 29, 1983.

*Bruce E. Taylor,* for appellants.
*Hugh E. Wright, John W. Winborne III,* for appellee.