66256. MANNING v. GEORGIA POWER COMPANY et al.

POPE, Judge.

Appellant Richard Manning was injured when he came in contact with a 115 kilovolt conductor while working in the scope and course of his employment at Georgia Power Company's Lindale substation. At the time of this accident appellant was employed as a painter by Joseph Hartman d/b/a The Tower People who was under contract with Georgia Power Company to paint the steel structures in the east side of the Lindale substation. It was necessary to paint the structures to maintain them and keep them from rusting. From his employer, Joseph Hartman, appellant received workers' compensation benefits for the injuries he sustained. He then filed the instant tort action against appellee Georgia Power Company and also Carboline Company, the manufacturer of the paint. Appellee moved for and was granted summary judgment on the ground that it was immune from tort liability as a statutory employer pursuant to OCGA §§ 34-9-8 (Code Ann. § 114-112) and 34-9-11 (Code Ann. § 114-103). Appellant brings this appeal alleging that summary judgment was improperly awarded. *Held:*

The Workers' Compensation Act does not apply "to employees whose employment is not in the usual course of trade, business, occupation, or profession of the employer or not incidental thereto." OCGA § 34-9-2 (Code Ann. § 114-107). Appellant argues that the painting he was doing at the substation at the time he was injured was not such work as was in appellee's usual course of business, and, thus, appellee was not a statutory employer immune from tort liability under the Act. We cannot agree.

" 'Statutory employer' has been expanded to include 'any employer who hires another employer to perform work.' *Godbee v. Western Electric Co.,* 161 Ga. App. 731, 732 (288 SE2d 881) (1982); *Johnson v. Georgia Power Co.,* 165 Ga. App. 672 (302 SE2d 417) (1983). However, this criterion was narrowed in *Western Electric Co. v. Capes,* 164 Ga. App. 353, 356 (296 SE2d 381) (1982), where this court determined that the work which the covered employer contracted the employee's immediate employer to perform for it must be a 'part of the essential overall manufacturing process.' Accord, *Johnson v. Georgia Power Co.,* supra." *Williams v. Atlanta Gas Light Co.,* 168 Ga. App. 208, 209 (308 SE2d 553) (1983).

In the instant case it is undisputed that appellee is an employer covered by the Workers' Compensation Act and is in the business of manufacturing and supplying electricity to its customers. The painting contract here deals with the maintenance of a structure which is an integral part of appellee's business. In *Godbee v. Western Elec. Co.,* supra, this court held that Western Electric Company, Inc. was a statutory employer of a subcontractor's immediate employees where Western Electric had contracted with the subcontractor to perform maintenance work in Western Electric's building. In our view, maintenance of manufacturing plant and equipment is as much a part of the overall manufacturing process as the installation of the manufacturing process itself. See, e.g., *Johnson v. Georgia Power Co.,* supra; *Scogin v. Georgia Power Co.,* 165 Ga. App. 2 (299 SE2d 84) (1983). It follows that the maintenance contracted for here, albeit of infrequent occurrence, was at least, if not a primary consideration, incidental to the usual course of appellee's business so as to bring appellee within the scope of OCGA §§ 34-9-8 (Code Ann. § 114-112) and 34-9-11 (Code Ann. § 114-103). By virtue of its status as a statutory employer, appellee is immune from appellant's claims of tort liability under OCGA §§ 46-3-32 (Code Ann. § 34B-203) and 51-2-5 (Code Ann. § 105-502). See *Wright Assocs. v. Rieder,* 247 Ga. 496 (1) (277 SE2d 41) (1981). Summary judgment was properly awarded by the trial court.

*Judgment affirmed. Sognier, J., concurs. Carley, J., concurs in the judgment only.*

DECIDED OCTOBER 13, 1983 —
REHEARING DENIED NOVEMBER 7, 1983 —

*John E. Neidrach, Paul T. Carroll III, Edward Hine, Jr.,* for appellant.

*Robert L. Pennington, Robert C. Lamar,* for appellees.