63149. GODBEE et al. v. WESTERN ELECTRIC COMPANY, INC.

BIRDSONG, Judge.

Workers' Compensation — Statutory Employer. Marvin O. Godbee was an iron worker who was directly employed by Riggs-Distler as a welder and to perform other iron-related work. For the six or seven years prior to May 18, 1979, Godbee's place of work had been in and about a cable plant owned and operated by Western Electric Company (WECO). On May 18, 1979, Godbee was standing on a ladder about six feet off the floor in WECO's cable plant removing a steel strut when a fork lift being operated by an employee of WECO struck one of the four legs of the step ladder causing Godbee to fall to the floor and suffer certain injuries. Godbee sought and obtained workers' compensation from his immediate employer, Riggs-Distler. He and his wife then brought a tort action against WECO seeking damages for personal injuries and loss of consortium. WECO moved for summary judgment on the grounds that it was the statutory employer of Godbee and as such enjoyed the statutory immunity from a common law negligence action in those cases where the injured party was entitled to and draws workers' compensation. See Code Ann. §§ 114-103, 114-112. The trial court denied summary judgment to Godbee and granted summary judgment to WECO. The Godbees, man and wife, bring this appeal complaining of the grant of summary judgment to WECO. *Held:*

The thrust of the argument made by WECO is that WECO is in effect a contractor (i.e., one party to a contract) who had employed a subcontractor, Riggs-Distler, and as a contractor engaged in business remained secondarily liable for workers' compensation to Godbee if Riggs-Distler proved unable to make all required payments. The appellants Godbees argue that WECO is an owner and not a contractor; that an owner is a third party and not contractor within the purview of Code Ann. § 114-112; therefore, WECO is not entitled to tort immunity.

Code Ann. § 114-112, in pertinent part, reads: "A principal, intermediate or subcontractor shall be liable for compensation to any employee injured while in the employ of any of his subcontractors

engaged upon the subject-matter of the contract, to the same extent as the immediate employer." Under the facts of this case, it can be concluded that an injury occurred to Godbee while he was working for his immediate employer (Riggs-Distler) on the subject matter of the contract between Riggs-Distler (maintenance of WECO's cable plant) and WECO; it also is concludable that Godbee's injury occurred on or in the premises where WECO performed its cable manufacture and where WECO had control or management of the building. This satisfies all the requirements of a statutory employer except whether WECO as an owner could qualify as a principal under the terms of Code Ann. § 114-112.

We are satisfied that the legislative intent of the workers' compensation act was to protect the rights of workers as between the workers and their employers. We will not limit Code Ann. § 114-112 solely to employers who are contractors, subcontractors or other construction employers. We believe that section pertains to any employer who hires another employer to perform work. A covered employer is one who is engaged in a business and employs three or more employees whether a principal, intermediate, prime or subcontractor. Code Ann. § 114-107. The fact that the covered business also happens to be an owner of a business or premises rather than a contractor should have no impact. It appears to be uncontested that WECO is an employer who is subject to the workers' compensation act. WECO had a contract with Riggs-Distler for the latter to perform maintenance work in WECO's building. It hardly can be argued that WECO therefore was not the employer of Riggs-Distler. As such then, we conclude that WECO was the statutory employer of Godbee and entitled to the statutory immunity granted by Code Ann. § 114-107. *Wright Assoc. v. Rieder,* 247 Ga. 496 (277 SE2d 41). Inasmuch as Godbee could not recover from WECO on the tort theory, neither could Mrs. Godbee recover for loss of consortium arising out of the same injury giving rise to the cause of action. *Haygood v. Home Transp. Co.,* 244 Ga. 165 (259 SE2d 429). The trial court did not err in granting summary judgment to WECO and denying same to the Godbees.

*Judgment affirmed. Shulman, P. J., and Sognier, J., concur.*

DECIDED MARCH 5, 1982 —
REHEARING DENIED MARCH 18, 1982 —

*Scott Walters, Jr.,* for appellants.

*Susan Cahoon, Edmund M. Kreisel,* for appellee.
*Glenville Haldi, Don C. Keenan, James K. Lange,* amicus curiae.