64782. WESTERN ELECTRIC COMPANY, INC. v. CAPES.

DEEN, Presiding Judge.
We granted an interlocutory appeal from the denial of Western Electric's (WECO'S) motion for summary judgment in Capes' personal injury action for damages sustained by him in an elevator on the appellant's premises. The sole question is whether appellant is a statutory employer under Code § 114-112. Capes was an employee of Macke Company which, under contract with WECO, undertook to place vending machines in the appellant's business premises and service them with snacks and soft drinks. Macke had storage facilities in a part of the basement of one of the buildings where Capes placed the supplies he brought in to WECO by truck, and Capes then serviced the five vending machines located in various parts of the buildings from these storage supplies. He was injured, according to his testimony, as he entered the freight elevator intending to deliver the money changers and snacks to the various vending machines when his foot stuck in glue left from underneath floor tiles which had been removed and he was unable to get it out of the way of the heavily loaded service cart before being struck by it.

Capes received full workers' compensation from his employer Macke. He then sued WECO as a third-party tortfeasor. WECO moved for summary judgment on the ground that it was a statutory employer with a potential liability for workers' compensation and thus immune from a tort action. The trial court denied the motion. WECO then petitioned for an interlocutory appeal and we granted the application in order to determine whether this case is controlled by our decision in *Godbee v. Western Electric Co.*, 161 Ga. App. 731 (288 SE2d 881) (1982).

1. Appellee has moved to dismiss this appeal for the stated reason that the notice of appeal was not timely filed. The uncontested facts are as follows: Appellant's application for interlocutory appeal was filed in the office of the Clerk of the Court of Appeals on November 10, 1981. Under Code § 6-701 (a) (2) the opposing counsel has 10 days to respond and the Court of Appeals "shall issue an order

granting or denying such an appeal within 15 days of the date on which the response of the opposing party is filed with such court or within 25 days of the date on which the application was filed in the event that no response is filed. Within 10 days after an order is issued granting such appeal, the applicant, to secure a review of the issues, may file a notice of appeal as provided in section 6-802."

The application for review filed in this court clearly stated the name and address of the attorneys involved. The response, filed on `November 20, 1981, contained a properly drawn certificate showing service on those attorneys at their correct address. The application was granted by order of this court on December 7, 1981 (the 25th day having fallen on a Saturday). Copies of such orders, like copies of opinions under our Rule 38, are always required to be mailed to counsel if the litigant is represented by counsel or to the party if the proceeding is pro se, a fact with which the attorneys of this state are thoroughly familiar. By misadventure in this case, however, the notice intended by the clerk of this court in the case sub judice to be mailed to the applicant's counsel was in fact directed to a law firm in no way connected with the appellant and was presumably lost. Counsel received no notice of the grant of the application until it made inquiry as to when it might expect a ruling, by which time its 10-day limit for filing of a notice of appeal had run. Upon these facts being made to appear, this court vacated its misdirected order and republished it under date of April 1, 1982. WECO then, within 10 days, filed its notice of appeal in this case.

Appellee contends that this court had no jurisdiction to accept the appeal under these circumstances. We disagree. Code § 24-3624 mandates that upon the docketing of every appeal and every application for appeal in this court the court shall give notice thereof by mail to all attorneys and pro se parties. It is equally the clerk's duty, when an application for appeal is granted, to give notice by mail to all attorneys or pro se parties. See our rules 23 and 24. To so construe Code § 6-701 (a) (2) as to abort an appeal to which the applicant is entitled when such applicant is entirely without fault in the premises would be to deny such litigant a right guaranteed by the Constitution of this state and would be a denial of due process. The motion to dismiss the appeal is denied.

2. Code § 114-112, with a single sentence not relevant to this appeal, was enacted as a part of the original Workmen's Compensation Act of 1920. It requires that a principal, intermediate, or subcontractor shall be liable for compensation to the employee of any subcontractor engaged upon the subject matter of the contract to the same extent as the immediate employer, but this is applicable only in cases where the injury occurred on or about the premises on

which the principal contractor has undertaken to execute work, or which are otherwise under his control or management. The original understanding of the statute was that for a third party to occupy the status of statutory employer under Code § 114-112 the immediate employer must occupy a master-servant relationship with the original contractor; for if he was a mere independent contractor the employee could not recover workmen's compensation from the third party. *U. S. Fidelity &c. Co. v. Corbett,* 31 Ga. App. 7, 9 (119 SE 921) (1923); *Irving v. Home Accident Ins. Co.,* 36 Ga. App. 551 (137 SE 105) (1926); *Blair v. Smith,* 201 Ga. 747, 751 (41 SE2d 133) (1947); *Bli Constr. Co. v. Knowles,* 123 Ga. App. 588, 590 (181 SE2d 879) (1971). This distinction in *Blair* and *Bli Constr. Co.* was specifically overruled in *Wright Assoc. v. Rieder,* 247 Ga. 496 (277 SE2d 41) (1981) and the distinction between "independent contractor" and "subcontractor" was abolished by the simple means of referring to the immediate employer as an "independent subcontractor." Under *Rieder's* case, whenever the relationship between the prime contractor and the independent subcontractor exists within the purview of the Workers' Compensation Act so as to make the principal a statutory employer, payment of compensation by the immediate employer or other statutory employer insulates the principal or prime contractor (statutory employer) from all tort liability so far as the employee is concerned.

A further gloss was placed on the code section by *Godbee v. Western Electric Co.,* supra, where this court held that the words "principal" or "prime contractor" are broad enough to include an owner, and therefore an owner otherwise included in the ambit of Code § 114-112 is a statutory employer of an independent subcontractor working on his premises "on which the principal contractor has undertaken to execute work, or which are otherwise under his control or management."

With these facts in mind it is contended by the appellant owner that it is immune from any third-party tort action brought by Capes, an employee of a company with which it had contracted, because under the holding in *Godbee* it is in fact a statutory employer. We disagree with this position, which completely fails to take into consideration the nature of the relationships under discussion in the separate cases. The distinction is made easier by the fortuitous fact that both cases involve the same entity (WECO) and in each case WECO is the owner of a business premises on which it is engaged in manufacturing and the plaintiff is the employee of a corporation with which it has a contract. "However, to constitute a principal contractor the statutory employer of the employees of the sub-contractor, there must be some contractual relationship between

the two, so that if there is merely a contract of purchase or some other relation besides that of principal and contractor, there will be no liability" under workmen's compensation law. 2 Schneider's Workmen's Compensation 3rd Ed. § 326, p. 176. WECO was a statutory employer as to Godbee. As shown by the record in that case WECO was engaged in manufacturing electric cables, a necessary part of the business enterprise being the maintenance of that part of the plant where the cables were being fabricated, and it was this part of the essential overall manufacturing process which WECO by contract turned over to the employee's immediate employer to perform for it on its premises. In the present case WECO entered into a contract with Macke, Capes' employer, permitting the latter to place its vending machines on the appellant's premises and stock them with food snacks and similar items. This contract was not a part of the business which WECO was engaged in. Macke was not a "subcontractor" of any essential part of that enterprise. A subcontractor, according to Black's Law Dictionary, is one who takes a portion of the contract of the principal contractor or who agrees to perform an act with a person who has already contracted for its performance. WECO's obligation to stockowners and customers was to manufacture cable. Whether or not it agreed to allow entry into its plant for the purpose of the installation and maintenance of vending machines was no part of the manufacturing process. WECO is accordingly not a statutory employer of Capes in its business activity. Not being a statutory employer, it is not insulated from suit by the fact that Capes has received compensation from his employer. The pleadings in the complaint and affidavits in support thereof sufficiently alleged that the injury occurred on WECO's premises and as a result of its negligence thus constituting WECO a third-party tortfeasor. There was no error in denying the motion for summary judgment.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED OCTOBER 21, 1982 —
REHEARING DENIED NOVEMBER 10, 1982 — ▮▮▮▮▮▮

*Robert E. Shields, Edmund M. Kneisel,* for appellant.
*Glenville Haldi, John W. Folsom,* for appellee.