*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

DECIDED JANUARY 4, 1983.

*W. O'Neal Dettmering, Jr.,* for appellant.
*H. Darrell Greene,* for appellees.

### 64655. SCOGIN v. GEORGIA POWER COMPANY.

CARLEY, Judge.

Appellant Scogin suffered certain injuries while he was directly employed by Middle South Constructors as a pipe welder on the Wallace Dam project of appellee Georgia Power Company. A contract entered into by Middle South with Georgia Power to perform work at the dam project site was in effect at all times relevant to the instant action. Scogin sought and obtained workers' compensation benefits from his immediate employer, Middle South. He then brought a tort action against Georgia Power Company to recover damages for personal injuries. Georgia Power moved for summary judgment against Scogin and the trial judge granted Georgia Power's motion. Scogin appeals.

The central contention on which Scogin's enumerations of error are based is that Middle South and Georgia Power had established by contract a relationship of independent contractor and owner, rather than one of employer and employee. Scogin urges that there is at least a factual question as to the nature of this relationship. However, even if Scogin were to establish the existence of an owner/independent contractor relationship, as a matter of law, he could not prevail. The Supreme Court has held in *Wright Assoc. v. Rieder,* 247 Ga. 496 (277 SE2d 41) (1981) that a statutory employer is immune to any action in negligence by an employee of a subcontractor *or of an independent*

*contractor* that has already paid workers' compensation benefits to the injured employee. "[A]s a statutory employer liable to pay workers' compensation benefits under Code Ann. § 114-112, it should receive the correlative benefit of tort immunity under Code Ann. §§ 114-103, 114-112. . . ." *Rieder,* 247 Ga. at 499, supra. See also *Kitchens v. Winter Co. Builders,* 161 Ga. App. 701, 704 (289 SE2d 807) (1982); *Cleckley v. Batson-Cook Co.,* 160 Ga. App. 831 (288 SE2d 573) (1982). It was therefore immaterial to the question of Georgia Power's tort immunity whether Scogin's immediate employer was an independent contractor.

Further, Scogin cannot avoid the conclusion that Georgia Power was his "statutory employer" under Code Ann. § 114-112 by asserting that Georgia Power was an owner. As held in *Godbee v. Western Elec. Co.,* 161 Ga. App. 731 (288 SE2d 881) (1982), an owner can qualify as a "principal" under the terms of Code Ann. § 114-112 and thereby be entitled to statutory immunity so long as it is a covered employer under Code Ann. § 114-107. "We believe that [Code Ann. § 114-112] pertains to any employer who hires another employer to perform work. . . . The fact that the covered business also happens to be an owner of a business or premises rather than a contractor should have no impact." *Godbee,* 161 Ga. App. at 732, supra. It is not disputed that Georgia Power is an employer which is subject to the Workers' Compensation Act. See *Godbee,* 161 Ga. App. at 732, supra.

Issues of fact as to whether Georgia Power is an owner and Middle South an independent contractor therefore are not material to the determination of Georgia Power's statutory immunity under Code Ann. §§ 114-103, 114-112. Even if Scogin proved that an owner-independent contractor relationship existed, Georgia Power would still be entitled to judgment as a matter of law. The trial court did not err in granting summary judgment in favor of Georgia Power.

*Judgment affirmed. Shulman, C. J., and Sognier, J., concur. Quillian, P. J., disqualified.*

DECIDED JANUARY 4, 1983.

*Elton L. Wall, George N. Skene,* for appellant.
*Wallace Miller, Jr.,* for appellee.