## 65238. JOHNSON v. GEORGIA POWER COMPANY.

POPE, Judge.

Appellant Johnson was injured while working in the scope and course of his employment at Plant Bowen, an electrical generating plant owned and operated by appellee Georgia Power Company. Johnson was employed by Superior Contractors & Associates, Inc. (Superior) to do electrical work in connection with a contract between Superior and Georgia Power whereby Superior was to complete the civil, electrical and mechanical work on two electrostatic precipitators being installed at Plant Bowen as well as the relocation of existing facilities to accommodate the erection of them. Appellant was paid workers' compensation benefits for his injuries by Superior and then filed the instant tort action against Georgia Power. Georgia Power's motion for summary judgment contending that it was immune from tort liability as a statutory employer under Code Ann. §§ 114-103 and 114-112 (now, respectively, OCGA §§ 34-9-11 and 34-9-8) was granted and Johnson appeals.

Appellant contends that the statutory immunity to suit applies only to those employers who contract to perform work to another, not to mere landowners, and that it is apparent from the contract here that Georgia Power was not a contractor subcontracting work to Superior, but was merely a "purchaser" of Superior's services and the owner of the land on which Superior's services were to be performed. It is urged that there is at least a fact question presented as to the nature of the relationship, which should be determined by a jury. We think appellant has reached an unwarranted conclusion from the cases he relies upon.

The Supreme Court established in *Wright Associates v. Rieder,* 247 Ga. 496 (277 SE2d 41) (1981), that it is immaterial to the question of tort immunity whether the immediate employer is a subcontractor or an independent contractor. In *Godbee v. Western Electric Co.,* 161 Ga. App. 731, 732 (288 SE2d 881) (1982), this court expanded Code Ann. § 114-112 to include "any employer who hires another employer to perform work. A covered employer is one who is engaged in a business and employs three or more employees whether a principal, intermediate, prime or subcontractor. Code Ann. § 114-107 [now OCGA § 34-9-2]. The fact that the covered business also happens to

be an owner of a business or premises rather than a contractor should have no impact." In *Godbee* the business engaged in by the owner was the manufacture of cables and the contract involved maintenance of the building where they were manufactured; this court concluded that this satisfied all the requirements of a statutory employer.

Subsequently, however, these criteria were narrowed. In *Western Electric Co. v. Capes,* 164 Ga. App. 353, 356 (296 SE2d 381) (1982), this court determined that the work which the covered employer contracted the employee's immediate employer to perform for it on its own premises must be a "part of the essential overall manufacturing process." In *Capes* the purpose of the contract was the installation and maintenance of vending machines. Since this was not a part of the manufacturing process, the covered employer was held not to be a statutory employer of the injured employee and therefore not immune to suit because the injured employee had received workers' compensation benefits from his employer.

In the instant case it is undisputed that Georgia Power is a covered employer and that its business is to manufacture and provide electricity to its customers. The contract here deals with the installation of equipment which is essential to the manufacture of electricity. We agree with Georgia Power that if the *maintenance* of the manufacturing *plant* is essential to the business enterprise, then the *installation* of the manufacturing *process* itself is quintessential to the enterprise. Johnson was working on a scaffold putting in a four-inch electrical conduit pursuant to Superior's contract to install the precipitators. Thus, any issues as to whether Georgia Power is an owner or purchaser are not material to the determination of Georgia Power's statutory immunity under Code Ann. §§ 114-103 and 114-112. Georgia Power is entitled to judgment as a matter of law and the trial court correctly granted summary judgment in its favor. Accord, *Scogin v. Georgia Power Co.,* 165 Ga. App. 2 (299 SE2d 84) (1983).

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED MARCH 8, 1983.

*Alan F. Herman, Wayne Grant, Steve Lore,* for appellant.
*Karl M. Kothe,* for appellee.