Jackson M. TROXLER,
Plaintiff-Appellee,

v.

OWENS–ILLINOIS, INC.,
Defendant/Third-Party
Plaintiff-Appellant,

v.

NATIONAL SERVICE INDUSTRIES,
INC., d/b/a North Bros. Co., Third-
Party Defendant-Appellee.

No. 82–8157.

United States Court of Appeals,
Eleventh Circuit.

Oct. 17, 1983.

Warner R. Wilson, Jr., Atlanta, Ga., N. Sandy Epstein, Atlanta, Ga., for defendant/third-party plaintiff-appellant.

Alvin Leaphart, Robert Smith, Jesup, Ga., Phillip Taylor, Brunswick, Ga., for plaintiff-appellee.

Before GODBOLD, Chief Judge, and RONEY, Circuit Judge, and PITTMAN *, District Judge.

GODBOLD, Chief Judge:

The plaintiff in this diversity action, Jackson M. Troxler, was injured when he fell from a manlift while installing insulation on the premises of the defendant, Owens-Illinois, Inc. Troxler was directly employed by National Service Industries, Inc., d/b/a North Brothers Co., which was insulating equipment at the Owens plant in Valdosta, Georgia, pursuant to a contract between North Brothers and Owens.

---

* Honorable Virgil Pittman, U.S. District Judge for the Southern District of Alabama, sitting by designation.

Troxler filed suit against Owens alleging negligence in maintaining and operating the manlift. Owens filed a third-party complaint against North Brothers alleging that if Owens was liable to Troxler then North Brothers would be required to indemnify Owens for any losses pursuant to a contract of indemnification between Owens and North Brothers. The jury returned a verdict for Troxler for $300,000, specifically finding Troxler 20% comparatively negligent, Owens 80% comparatively negligent, and North Brothers free from negligence. The court entered judgment for Troxler and against Owens for $240,000. The district court denied Owens's motions for new trial and for judgment n.o.v. Owens appeals and we affirm.

Owens asserts that (1) the statutory immunity provisions [1] of the Georgia Workers' Compensation Act bar Troxler's action; (2) the evidence does not support the verdict in favor of Troxler; and (3) if Owens is liable to Troxler, then North Brothers must indemnify Owens.

### I. Statutory Immunity

■ Owens raises for the first time on appeal an issue of statutory immunity. Before we can consider this contention on the merits, Owens must overcome two formidable barriers. First, Fed.R.Civ.P. 8(c) provides that "[i]n pleading to a preceding pleading, a party shall set forth affirmatively ... any other matter constituting an avoidance or affirmative defense." An affirmative defense not pleaded in the defendant's answer is waived. *See Freeman v. Chevron Oil Co.,* 517 F.2d 201, 204 (5th Cir.1975). Second, generally a court will not consider an issue for the first time on appeal. *See Excavators & Erectors, Inc. v. Bullard Engineers, Inc.,* 489 F.2d 318, 320 (5th Cir.1973).

■ Determining whether a contention is an affirmative defense for rule 8(c) purposes is a matter of state law. *See Freeman,* 517 F.2d at 204. An even more precise statement of the law appears in *Morgan Guaranty Trust Co. v. Blum,* 649 F.2d 342, 344 (5th Cir.1981) (Unit B): "In diversity of citizenship actions state law defines the nature of defenses, but the Federal Rules of Civil Procedure provide the manner and time in which defenses are raised and when waiver occurs."

■ In *Seal v. Industrial Electric, Inc.,* 362 F.2d 788, 789 (5th Cir.1966), the court looked to Mississippi law and determined that a claim of statutory immunity under Mississippi's workers' compensation scheme was an affirmative defense under rule 8(c). In *Freeman,* 517 F.2d at 204, the court reached the same conclusion regarding a statutory immunity claim under Louisiana's workers' compensation law. Thus we look to Georgia law to determine whether a claim of statutory immunity under Georgia's scheme is an affirmative defense and subject to waiver under rule 8(c).

Owens contends that the Supreme Court of Georgia's decision in *Wright Associates v. Rieder,* 247 Ga. 496, 277 S.E.2d 41 (1981), indicates that a claim of statutory immunity is not an affirmative defense under Georgia law for purposes of federal rule 8(c). In *Rieder* the defendant first raised the issue of statutory immunity by motion for summary judgment almost two years after the answer, and the trial court rejected this motion. The court held that rule 8(c) of Georgia's Civil Practice Act, Ga.Code Ann. Sec. 9–11–8(c) (1982), did not require the defendant affirmatively to plead the defense of statutory immunity in its answer. 247 Ga. at 500, 277 S.E.2d at 44. The court distinguished *Freeman,* on which

---

1. Ga.Code Ann. Sec. 34–9–11 (1982) provides an exclusive remedy under the Georgia workers' compensation scheme, Ga.Code Ann. Sec. 34–9 (1982), to employees under the act and thereby protects employers under the act from suits at common law. Ga.Code Ann. Sec. 34–9–8 (1982) also extends this protection beyond the immediate employer in certain situations. That section provides that "[a] principal, inter-

mediate, or subcontractor shall be liable for compensation to any employee injured while in the employ of any of his subcontractors engaged upon the subject matter of the contract to the same extent as the immediate employer." *Id.* Owens thus contends that it is a "principal" within this section and entitled to protection as a statutory employer.

the plaintiffs both in *Rieder* and the present action rely, as dealing with a defense under Fed.R.Civ.P. 8. The court contrasted the language of the federal rule[2] and Georgia's rule[3] concerning affirmative pleading of certain matters. *Id.* The court noted that the federal rule, after listing certain matters, requires pleading "any other matter constituting an avoidance or affirmative defense." *Id.* Georgia's rule, on the other hand, specifically lists matters that must be pleaded affirmatively but has no similar language requiring pleading any other matters constituting affirmative defenses. In fact, such all-encompassing language appeared in the first version of Georgia's Civil Practice Act but was removed by a 1967 amendment. *Id.* Through this discussion the Georgia court implicitly recognized that, although a claim of statutory immunity would be an affirmative defense requiring pleading under federal rule 8(c), such a claim was not required to be affirmatively pleaded under Georgia's rule because statutory immunity was not specifically listed in Georgia rule 8(c) among those matters requiring affirmative pleading.

The court in *Rieder,* therefore, did not hold that a claim of statutory immunity was not an affirmative defense. On the contrary, the court held merely that such a claim did not require affirmative pleading under Georgia's peculiar rules but, in so holding, also recognized that such a claim would be "any other matter constituting an avoidance or affirmative defense" under the language of the federal rule.

Because Owens failed to raise the claim of statutory immunity in its defensive pleadings, this defense was waived. *See Shook & Fletcher Insulation Co. v. Central Rigging & Contracting Corp.,* 684 F.2d 1383, 1386 (11th Cir.1982); *Freeman,* 517 F.2d at 204; *see also* 5 C. Wright & A. Miller, *Federal Practice and Procedure* Sec. 1278, at 339 (1969) (failure to plead affirmative defense results in waiver and exclusion of defense from case).

■ Even if Owens were to overcome the bar of rule 8(c) waiver, it would still face the barrier imposed by the general rule that a court will not consider issues raised for the first time on appeal. This circuit and the former Fifth Circuit have consistently held that a court will not consider on appeal for the first time a question that requires development of factual issues. *See Hall v. Board of School Commissioners,* 681 F.2d 965, 969–70 (5th Cir.1982) (Unit B); *Martinez v. Mathews,* 544 F.2d 1233, 1237 (5th Cir.1976); *Pierre v. U.S.,* 525 F.2d 933, 936 (5th Cir.1976); *Guerra v. Manchester Terminal Corp.,* 498 F.2d 641, 658 n. 47 (5th Cir.1974).

Owens argues, however, that its claim of statutory immunity on appeal falls within an exception to the above rule. Specifically, Owens contends that the court can consider for the first time on appeal an issue involving a pure question of law. *See Martinez v. Mathews,* 544 F.2d 1233, 1237 (5th Cir.1976). This argument does not acknowledge that determining whether one is a statutory employer is essentially a factual inquiry.

The Court of Appeals of Georgia in *Western Electric Co. v. Capes,* 164 Ga.App. 353, 296 S.E.2d 381 (1982), discussed factual situations necessary to label an entity as a statutory employer under the workers' compensation scheme. That an individual

2. Fed.R.Civ.P. 8(c) provides:
(c) **Affirmative Defenses.** In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, *and any other matter constituting an avoidance or affirmative defense.*
(emphasis added).

3. Ga.Code Ann. Sec. 9–11–8(c) provides:
*(c) Affirmative defenses.* In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, and waiver.

works on the premises of an owner directly for a third party pursuant to a contract between the owner and the third party, as Owens attempts to argue in this case, does not render the owner of the premises a statutory employer of that employee. Rather, as the court stated in *Capes,* one must look to the "nature of the relationships" in the particular case. *Id.* at 355, 296 S.E.2d at 383. In both *Capes* and *Godbee v. Western Electric Co.,* 161 Ga.App. 731, 288 S.E.2d 881 (1982), the same company, Western Electric, was the owner of business premises on which it was engaged in manufacturing. The plaintiff in each case was an employee of a corporation with which the owner had a contract. In *Godbee* the owner of the premises manufactured electric cables, and a necessary part of that business was the maintenance of the part of the plant where the cables were produced. By contract this ongoing maintenance was performed by the company whose employee was injured. Thus the maintenance work in *Godbee* constituted a part of the overall manufacturing process that the owner by contract had turned over to the employee's immediate employer to perform for the owner on the premises. *Capes,* 164 Ga.App. at 355–56, 296 S.E.2d at 384. The owner in *Godbee,* based on these facts, received the immunity granted a statutory employer under the act. *See id.*

In *Capes,* on the other hand, the contract with the injured employee's direct employer involved placing and servicing vending machines on the premises of the owner. *Id.* The court in *Capes* concluded that this contract was not a part of the business of the owner. *Id.* The immediate employer was not a "subcontractor" of any essential part of the enterprise. *Id.*

> [The owner's] obligation to stockowners and customers was to manufacture cable. Whether or not it agreed to allow entry into its plant for the purpose of the installation and maintenance of vending machines was no part of the manufacturing process. [The owner] is accordingly

not a statutory employer of Capes in its business activity. *Id.*

■ *Godbee* and *Capes* remove all doubt, therefore, that determining whether an entity is a statutory employer requires a thorough factual inquiry into the particular type of business of the owner, the type and quality of the work done by the injured employee, and the relation of that work to the overall manufacturing process of the owner. This issue is not a purely legal one within the meaning of *Martinez;* it involves the sort of factual inquiry that courts will not consider for the first time on appeal. *See Hall v. Board of Commissioners,* 681 F.2d at 969–70. Accordingly, we may not consider the issue of statutory immunity raised by Owens for the first time on appeal.

■ Owens contends, nevertheless, that it should be excused from failing to plead statutory immunity in its answer or raise this issue prior to appeal because only after the trial and denial of the post-trial motions did Georgia law change to allow the assertion of this defense by one in Owens's position. Owens has cited no case on this ground that excuses failure to plead or raise an issue before appeal, but we assume, for purposes of discussion, that Owens asserts a futility argument. That is, it should be excused from failing to raise this issue because the law as it existed at the time of the answer and thereafter through the denial of the motions for new trial and judgment n.o.v. rendered futile the assertion of this defense at any earlier point in the process. *Cf. Brotherhood of Railroad Trainmen v. Central of Georgia Railway,* 415 F.2d 403, 417–18 (5th Cir.1969) (discussion of requirements for assertion of ground of futility to excuse failure to raise point before appeal), *cert. denied,* 396 U.S. 1008, 90 S.Ct. 564, 24 L.Ed.2d 500 (1970).

Owens contends that with the Georgia Court of Appeals decision in *Godbee v. Western Electric Co.,* 161 Ga.App. 731, 288 S.E.2d 881 (1982), the law changed to allow an owner in Owens's position to claim statutory immunity under Georgia's workers'

compensation scheme. The Georgia court released this opinion almost one month after the district judge denied Owens's motions for new trial and judgment n.o.v.

It is unnecessary, however, to resolve Owens's [presumed] futility argument, for even if we excused its failure to raise its defense before now, we would need to find that under Georgia law the change enunciated by *Godbee* was meant to apply retroactively. But the Georgia courts have specifically held that a change in the law of statutory immunity similar to the one enunciated by *Godbee* does not apply retroactively.

In *Johnson v. Hensel Phelps Construction Co.,* 250 Ga. 83, 295 S.E.2d 841 (1982), the Georgia Supreme Court confronted a situation resembling closely the one at bar. In that case the defendant raised for the first time on appeal the defense of statutory immunity under Georgia's workers' compensation scheme. After the trial ended and the motion for directed verdict had been made, the Supreme Court of Georgia issued its decision in *Wright Associates v. Rieder,* 247 Ga. 496, 277 S.E.2d 41 (1981). In *Rieder* the court overruled a long line of precedent and held that an employee of a subcontractor engaged upon the subject matter of the contract who is injured on, in, or about the premises on which the principal contractor has undertaken to execute the work cannot maintain an action in tort against the principal contractor. *Id.* at 499, 277 S.E.2d at 43. Prior to *Rieder* unless the immediate employer of the injured employee occupied a master-servant relationship with the original contractor, it was believed that no statutory immunity existed. *See Capes,* 164 Ga.App. at 355, 296 S.E.2d at 383. In *Johnson* the lower court applied the decision in *Rieder* retroactively and allowed the defense of statutory immunity to succeed. 250 Ga. at 83, 295 S.E.2d at 842. On appeal the Supreme Court of Georgia refused to apply *Rieder* retroactively when the issue of statutory immunity had not been urged until appeal, even though the change in the law did not occur until after the motion for directed verdict had been made. *Id.* at 83–84, 295 S.E.2d at 843. Since the

retroactive application of a change in state law is a question of state law and since the Georgia court has shown its unwillingness retroactively to apply that change to one in Owens's position, we must follow that determination.

Accordingly, we hold that Owens's claim of statutory immunity does not bar Troxler's action.

## II. Sufficiency of the Evidence

Owens contends that the evidence adduced at trial does not support the jury verdict in favor of Troxler and that the district court erred in failing to grant Owens's motions for directed verdict and for judgment n.o.v. Owens concedes that this action rests upon Owens's broad duty to maintain the manlift in a manner rendering it safe for invitees, *see Batson-Cook Co. v. Shipley,* 134 Ga.App. 210, 212, 214 S.E.2d 176 (1975) (owner of property has duty to exercise ordinary care in keeping premises and approaches safe for invitees), but contends that the jury rendered its verdict under a stricter standard, holding Owens liable as an insurer of Troxler's safety. The evidence conclusively shows, Owens maintains, that it exercised ordinary care to maintain and operate the lift. By maintaining that it was held liable as an insurer, Owens thus challenges the sufficiency of the evidence to support the jury's verdict and finding of negligence.

We evaluate the sufficiency of the evidence to support denial of the motion for directed verdict and for judgment n.o.v. under *Boeing Co. v. Shipman,* 411 F.2d 365, 374 (5th Cir.1969) (en banc). *See also Smith v. Tennessee Valley Authority,* 699 F.2d 1043, 1045 (11th Cir.1983).

■ Under Georgia law an owner, absent negligence, is not an insurer of his premises, *see Feldman v. Whipkey's Drug Shop,* 121 Ga.App. 580, 581, 174 S.E.2d 474, 476, *cert. denied,* 400 U.S. 946, 91 S.Ct. 251, 27 L.Ed.2d 251 (1970), and the law requires an owner to have superior knowledge of a danger on the premises before liability can be imposed, *see McIntyre v. Corporate Property Investors,* 160 Ga.App. 868, 869, 288

S.E.2d 584, 585 (1982). These cases, however, do not dictate a reversal of the district court's denial of the post-trial motions in this case. The plaintiff presented the jury with ample evidence of the defendant's negligence and superior knowledge of the hazard.

Troxler contends that he fell from the lift and was injured when he was forced into an object at the top of the building where the lift comes to an end. Troxler maintains that he did not recognize that he was approaching the top floor and the end of the lift because the warnings and safety devices were inadequate or malfunctioning. Troxler presented the following evidence to the jury: (1) the signs warning that one was approaching the top floor were so positioned that one properly riding the manlift could not see them; (2) the warning light indicating the top floor was not visible to one properly riding the manlift; (3) signs placed on other floors warning of arrival on the top floor would have more effectively alerted those on the lift; (4) no one ever instructed Troxler on the use of the manlift or its safety features; (5) the automatic cut-off mechanisms did not operate properly on the day of the incident; (6) the warning light did not operate at the time of the incident; (7) the manlift presented a serious danger to passengers carried to the top floor (the potential of being crushed between the manlift and a steel grating); (8) Owens had superior knowledge of the manlift owing to its installation and, on the day before the incident, the alleged maintenance, inspection, and repair of the lift.

Based on this evidence, under the *Boeing* standard, reasonable and fair-minded jurors could have concluded that failure to provide additional warning and safety devices or to instruct Troxler on the use and safety mechanisms of the manlift created a hazard that Owens should have noticed and corrected as an exercise of reasonable care. The district court properly denied Owens's post-trial motions.

### III. The Owens-North Brothers Indemnification Agreement

Owens next contends that, even if it is liable to Troxler, North Brothers must indemnify Owens pursuant to the indemnification agreement between the parties. Owens predicates this duty on the jury finding that Troxler, North Brothers's employee, was 20% comparatively negligent, which Owens imputes to North Brothers. The indemnification agreement provided that North Brothers agreed to indemnify Owens "from any liability or expense on account of ... personal injury ... arising out of or in any way connected with or attributable to the performance or nonperformance of work hereunder by Contractor, its subcontractor(s) and their respective employees ... while on [Owens's] premises."

While this language appears at first glance to require indemnification of Owens by North Brothers, the Georgia courts' strict construction of indemnification agreements precludes such an obligation. In *Binswanger Glass Co. v. Beers Construction Co.,* 141 Ga.App. 715, 234 S.E.2d 363 (1977), the Georgia Court of Appeals considered an indemnification agreement with language similar to that in the present action.[4] The court held that where the only negligence shown on the part of the contractor was the contributory negligence of the contractor's injured employee, strict construction precluded construing the contract to require the contractor to indemnify the owner for

---

**4.** The agreement in *Binswanger* provided:
   The Contractor shall indemnify and hold harmless the Owner and the Architect and their agents and employees from and against all claims, damages, losses and expenses including attorneys' fees arising out of or resulting from the performance of the Work, provided that any such claim, damage, loss or expense (1) is attributable to bodily injury, sickness, disease or death, or to injury to or destruction of tangible property (other than the Work itself) including the loss of use resulting therefrom, and (2) is caused in whole or in part by any negligent act or omission of the Contractor, any Subcontractor, anyone directly or indirectly employed by any of them or anyone for whose acts any of them may be liable, regardless of whether or not it is caused in part by a party indemnified hereunder.
141 Ga.App. at 716 n. 1, 234 S.E.2d at 364 n. 1.

the owner's acts of negligence. *Id.* at 719, 234 S.E.2d at 366. In this action, as in *Binswanger,* the only negligence of North Brothers is the 20% comparative negligence imputed to it through its injured employee, Troxler. The jury specifically found that North Brothers was 0% negligent. Thus under *Binswanger* Owens is not entitled to indemnification from North Brothers.

Owens contends, however, that a contrary result is dictated by *Stafford Enterprises v. American Cyanamid Co.,* 164 Ga.App. 646, 297 S.E.2d 307 (1982). In *Stafford Enterprises* the court required indemnification where the only negligence of the contractor was the comparative negligence of its employee. But the agreement in *Stafford,* unlike that in the present action, specifically mentioned the comparative negligence situation and relieved the contractor from the obligation to indemnify only if the injury was owing to the sole negligence of the owner.[5] *Id.* at 648–49, 297 S.E.2d at 310. The broad language of the agreement in the present action resembles more closely that in *Binswanger* than that in *Stafford.* Following the Georgia court in *Binswanger,* we do not construe the agreement at hand to require indemnification by North Brothers when the only negligence of North Brothers was the contributory negligence of Troxler.

The judgment of the district court is AFFIRMED.

5. The agreement in *Stafford Enterprises* provided:

Subject to the terms and conditions of this contract, CONTRACTOR [Stafford] shall be liable for and protect, defend, indemnify and save CYANAMID, its officers, directors, and employees harmless against any and all claims, losses, demands, causes of action and any and all related costs and expenses, of every kind and character suffered by the parties hereto and/or their employees and to the person or property of any other person or corporation, on account of personal injuries or death, or damages to property occurring, growing out of, incident to, or resulting di-

rectly or indirectly from the performance by CONTRACTOR [Stafford] hereunder, *whether such loss, damage, injury or liability is contributed to by the negligence of CYANAMID or its employees* and whether due to imperfections of any material furnished by CYANAMID, or by premises themselves or any equipment thereon, whether latent or patent, or from other causes whatsoever; *except that CONTRACTOR [Stafford] shall have no liability for damages or the costs incident thereto caused by the sole negligence of CYANAMID.*
164 Ga.App. at 648–49, 297 S.E.2d at 310 (emphasis added).