**Jim Dale HULL**

v.

**MERCK & CO., INC.**

**Civ. A. No. C82–2065A.**

United States District Court,
N.D. Georgia,
Atlanta Division.

Jan. 5, 1984.

Johnson, Ward, Stanfield, Lanham & Carr, Atlanta, Ga., for plaintiff.

Long, Weinberg, Ansley & Wheeler, Atlanta, Ga., for defendant.

---

## ORDER

TIDWELL, District Judge.

The plaintiff was an employee of Augusta Fiberglass Coatings, Inc. at the time of the alleged incidents which gave rise to the above-styled suit for personal injuries. Augusta Fiberglass entered into a contract with the defendant for the fabrication and installation of a chemical sewer line at the defendant's Flint River plant in Albany, Georgia, where the defendant operated factories manufacturing drugs or intermediary chemical products. The plaintiff was on the premises of the defendant in the fall of 1980 as an employee of Augusta Fiberglass and at that time was allegedly exposed to toxic chemicals while working on the installation of the chemical sewer. Plaintiff alleges that he received personal injuries, including contracting leukemia, as a result of exposure to one or more chemicals while on defendant's premises.

The matter is presently before the court on the defendant's motion for summary judgment on the ground that the defendant was plaintiff's "statutory employer" and plaintiff's claims are therefore barred by the provisions of the Georgia Workers' Compensation Act, OCGA § 34–9–1 et seq., specifically OCGA § 34–9–11, providing for exclusivity of the rights and remedies granted to employees under the Act. The plaintiff has responded to the motion and in a supplemental brief requested that this court grant the plaintiff partial summary judgment to the effect that the defendant is not the statutory employer of the plaintiff and the plaintiff's alleged diseases and disability are not an occupational disease listed in OCGA § 34–9–280, and therefore plaintiff's claims are not barred by the Workers' Compensation Act.

Because the work to be performed by the plaintiff's immediate employer, Augusta Fiberglass, involved part of the essential overall manufacturing process of the defendant, the court concludes that the defendant was a statutory employer for the purpose of workers' compensation benefits. *Johnson v. Georgia Power Co.*, 165 Ga. App. 672, 302 S.E.2d 417 (1983); *Godbee v.*

*Western Electric Co.*, 161 Ga.App. 731, 288 S.E.2d 881 (1982). While the plaintiff has criticized the reasoning in the above cases, the court notes that the Georgia Supreme Court recently had an opportunity to repudiate the rationale of the *Godbee* case, but failed to do so. *Western Electric Co. v. Capes*, 250 Ga. 890, 302 S.E.2d 108 (1983) (order vacating grant of certiorari; Justices Hill and Smith dissented, raising the point that *Godbee* had been erroneously decided).

This alone does not entitle the defendant to summary judgment, however. OCGA § 34–9–289 provides as follows:

> Whenever an employer and employee are subject to this chapter, the liability of the employer under this article for the disability or death of the employee from an occupational disease in any way incurred by such employee in the course of or because of his employment shall be exclusive and in place of any and all other civil liability whatsoever at common law or otherwise to such employee or to his personal representative, next of kin, spouse, parents, guardian, or any others. An employee who suffers disability or death from any occupational disease not listed in Code Section 34–9–280 shall not be deprived of any common law rights under existing laws.

Plaintiff has alleged that he contracted leukemia as a result of his exposure to toxic chemicals while on the premises of the defendant. The court concludes that leukemia is not an "occupational disease" for purposes of the Georgia Workers' Compensation Act, since it is not an enumerated disease under OCGA § 34–9–280(3) and it is undisputed that leukemia is a disease which is "an ordinary disease of life to which the general public is exposed" and therefore does not meet the requirements of OCGA § 34–9–280(3)(F)(iv) to be considered an unlisted "occupational disease." The conclusion that leukemia does not fit this statutory definition for "occupational disease" under Georgia's workers' compensation plan is, of course, not fatal to plaintiff's common law claims, since a negligence claim

can be predicated on an allegation that the defendant caused the plaintiff to contract a disease, regardless of whether it is "an ordinary disease of life to which the general public is exposed."

Accordingly, the defendant's motion for summary judgment is hereby overruled and denied and partial summary judgment is granted in favor of the plaintiff to the extent that the court rules that leukemia is not an occupational disease under the Georgia Workers' Compensation Act. Consideration of the foregoing issues having been sufficient in order to rule on the motions presently before the court, plaintiff's contentions concerning medical treatment rendered by defendant's employees need not be addressed by the court.