## 67781. MODLIN v. BLACK & DECKER MANUFACTURING COMPANY et al.

DEEN, Presiding Judge.

The appellant, Jerry Modlin, sustained spinal injuries following an electric shock from a hand-held drill and a subsequent fall on the premises of the appellee, Swift Textiles, Inc. (Swift). The injury arose out of and was within the scope of the appellant's employment with Bahnson Service Company (Bahnson), a subcontractor of Potter-Shackleford Construction, Inc. (Potter-Shackleford). The appellee Swift had employed Potter-Shackleford, as the general contractor, and the engineering firm of Lockwood-Green Engineer, Inc. (Lockwood-Green) to construct a new textile plant in Columbus, Georgia. The appellant was injured while installing an air conditioning system in the plant under construction.

The appellant received workers' compensation through his immediate employer, Bahnson, and subsequently commenced this action in tort against Swift, Potter-Shackleford, Black and Decker (the manufacturer of the drill), and Lockwood-Green. Swift moved for summary judgment on the grounds that it was a statutory employer under OCGA § 34-9-8 and thereby immune to tort liability, and the trial court granted that motion. On appeal, Modlin contends that Swift does not constitute a statutory employer and urges that *Godbee v. Western Elec. Co.*, 161 Ga. App. 731 (288 SE2d 881) (1982) be overruled. *Held:*

OCGA § 34-9-8 (a) provides that "[a] principal, intermediate, or subcontractor shall be liable for compensation to any employee injured while in the employ of any of his subcontractors engaged upon the subject matter of the contract to the same extent as the immediate employer." In *Godbee v. Western Elec. Co.*, supra at 732, this court vastly expanded the application of this statutory employer provision in holding that "[w]e believe that section pertains to any employer who hires another employer to perform work. A covered emplo;yer is one who is engaged in a business and employs three or more employees whether a principal, intermediate, prime or subcontractor

. . . The fact that the covered business also happens to be an owner of a business or premises rather than a contractor should have no impact." A restrictive gloss was subsequently placed upon *Godbee* in *Western Elec. Co. v. Capes*, 164 Ga. App. 353 (296 SE2d 381) (1982), in which this court held that before a covered employer/owner constituted a statutory employer the work which the owner contracted the employee's immediate employer to perform must be part of the owner's essential, overall business enterprise.

The construction of OCGA § 34-9-8 (a) in *Godbee v. Western Elec. Co.*, supra, however, has continued to result in subjecting an employer/owner to workers' compensation liability as a statutory employer. See *Scogin v. Ga. Power Co.*, 165 Ga. App. 2 (299 SE2d 84) (1983); *Johnson v. Ga. Power Co.*, 165 Ga. App. 672 (302 SE2d 417) (1983). We now reconsider our previous construction of OCGA § 34-9-8 and conclude that that statutory provision applies to contractors and not owners, unless the owner also serves as a contractor.

Even prior to *Godbee*, this court noted that "[t]he terms 'principal contractor' and 'subcontractor' are not expressly defined in the Workmen's Compensation Act and such terms have not been specifically construed in the decisions of this court having application to Code § 114-112 [now OCGA § 34-9-8]. However, it is clear to this court that since the secondary liability imposed under this Code section is predicated upon the existence of the principal contractor-subcontractor relationship, this provision of the Compensation Act is not intended to cover all employers who let out work on contract but is limited to those who contract to perform certain work, such as the furnishing of goods and service, for another, and then sublet in whole or part such work." *Evans v. Hawkins*, 114 Ga. App. 120, 122 (150 SE2d 324) (1966). In extending the word "principal" to include "owner," rather than limiting it to "principal contractor," this court in *Godbee* apparently overlooked *Evans v. Hawkins*, supra, and did not read subsection (a) of OCGA § 34-9-8 in conjunction with the remainder of that statutory provision.

Subsection (c) of OCGA § 34-9-8 provides that a claim for compensation shall first be presented to the immediate employer, but that if the immediate employer is not subject to the Workers' Compensation Act "then such claim may be directly presented to and instituted against the intermediate or *principal contractor*." (Emphasis supplied.) Subsection (d) similarly provides that OCGA § 34-9-8 "shall apply only in cases where the injury occurred on, in, or about the premises on which the *principal contractor* has undertaken to execute work or which are otherwise under his control or management." (Emphasis supplied.) Taking OCGA § 34-9-8 as a whole, the most reasonable conclusion is that the word "principal" in subsections (a) and (b) refers to "principal contractor." Accordingly, owners or enti-

ties merely in possession or control of the premises would not be subject to workers' compensation liability as statutory employers, except in the isolated situation where that party also serves as a contractor for yet another entity and hires another contractor to perform the work on the premises.

This conclusion produces the result most consistent with the apparent legislative intent of the statute and fairest to an owner and an injured worker. An owner who hires a contractor to perform work on the owner's premises is not ordinarily in the position to appreciate and control the risks of injury; the owner ordinarily does not supervise the work; and the owner ordinarily has no input in the hiring practices of the main contractor. Because the contractor, rather than the owner, is in the position to realize and control the risks of injury, it is unfair to subject an owner, merely because he has hired the contractor, to workers' compensation liability. Similarly, it wrongs an injured worker to deprive him of his common law remedies against an owner, where the owner's fault causes the injury, merely because the owner also happens to be an employer with three or more employees and the owner has hired a contractor to perform work on its premises. See Thrash and Blank, *Evolution of the Statutory Employer Rule*, 19 Ga. St. B. J. 172 (1983).

In the instant case, the appellee Swift contracted with Potter-Shackleford and Lockwood-Green to construct a textile plant, in which Swift was to conduct its textile industry. The appellant, as an employee of Bahnson, a subcontractor for Potter-Shackleford, was injured during the installation of an air conditioning system for that textile plant. Swift obviously was not a principal contractor with regard to the construction of its own textile plant, and did not constitute a statutory employer of the injured appellant. The appellant thus could still pursue his common law remedies against Swift as a third-party tortfeasor, and the trial court erred in granting summary judgment for Swift on the basis that it was a statutory employer.

For the foregoing reasons, *Godbee v. Western Elec. Co.*, supra, *Scogin v. Ga. Power Co.*, supra, and *Johnson v. Ga. Power Co.*, supra, and their progeny are overruled. Because *Western Elec. Co. v. Capes*, supra, modified rather than followed *Godbee*, it is consistent with what is held here and need not be overruled.

*Judgment reversed. McMurray, C. J., Quillian, P. J., Shulman, P. J., Banke, Carley and Pope, JJ., concur. Birdsong and Sognier, JJ., dissent in part and concur in part.*

DECIDED MARCH 5, 1984 —
REHEARING DENIED MARCH 26, 1984 —

*J. Sherrod Taylor, Howell Hollis, John T. Laney III, Gene Mac Winburn*, for appellant.

*John W. Denney, Alan F. Herman*, for appellees.

BIRDSONG, Judge, dissenting in part and concurring in part.

Though I concur with the result reached by the majority (but for entirely different reasons), I must register my dissent to the action overruling *Godbee v. Western Elec. Co.*, 161 Ga. App. 731 (288 SE2d 881) and its progeny.

As I view the ultimate, beneficial purpose of OCGA § 34-9-8 (a), it is to protect the worker who would otherwise be financially unprotected from work engendered injuries. Thus, the status of an "employer" should not control the right of an employee to recover his economic losses arising out of the faithful performance of his work. That beneficial purpose was served in the case of *Godbee v. Western Elec. Co.*, supra. In *Godbee*, Western Electric operated a cable factory. It is not unreasonable for a manufacturer of electric cable not to expend its capital assets upon building maintenance or janitorial service. It also is inescapable that the maintenance of the structural suitability and cleanliness of the business premises is essential to the continued profitable operation of the underlying business. Thus, Western Electric perforce was required to undertake those functions itself or make arrangements for it to be done. This reflects the exact situation in *Godbee*. Godbee had been performing maintenance work in Western Electric's cable factory for eight years.

Furthermore, it hardly needs stating that if Godbee's immediate employer had not been required to carry workers' compensation or had failed to procure the same contrary to its obligation so to do, the next level or highest level employer assumed that responsibility. If this is not true, then the statutory employer requirements are rendered meaningless and nugatory. We also concluded that where the ultimate employer is an "owner" not engaged in a business and is seeking a temporary service (e.g., the building of a house), such an owner is not an "employer" within the meaning of the Workers' Compensation Act. But where the "owner" is an organized business and is or should be covered by the Workers' Compensation Act in its own right, and where that "owner" employs others to do work which it otherwise would be required to perform in the performance of its business, the mere fact the employer is an owner should not preclude a finding that the owner is also a statutory employer. When *Godbee* is read in conjunction with *Western Elec. Co. v. Capes*, 164 Ga. App. 353 (296 SE2d 381) and the law applied to the facts in *Godbee*, such is the implicit holding of *Godbee*. I find it wholly unnecessary and contrary to the beneficial purpose of the statutory employer statute to so literally interpret OCGA § 34-9-8 as to exclude arbitrarily from the

definition of a statutory employer one who happens to be the owner of a business also subject to the Workers' Compensation Act.

Applying the principles enunciated to the present case, it is apparent Swift Textiles is a business covered by workers' compensation. Nevertheless, a textile business, as an owner, is not engaged in the business of construction of buildings. Thus, Swift Textiles is in the same position as a homeowner, i.e., is not a statutory employer within contemplation of the Workers' Compensation Act, not solely because it is an owner but because as an employer it falls within the exception implicitly recognized in *Godbee* and specifically explicated in *Western Elec. Co. v. Capes*, supra, i.e., the construction of a building is not a part of the conduct of a textile business. For the reasons enunciated, I concur with the result reached, but dissent to that part of the decision overruling *Godbee v. Western Elec. Co.*, supra and its progeny, as limited by *Western Elec. Co. v. Capes*, supra.

I am authorized to state that Judge Sognier joins in this opinion of concurrence and dissent.