## 68031. DROSS v. SOUTHERN AIRWAYS, INC.

DEEN, Presiding Judge.

The appellant, Clarence Van Dross, commenced this action against the appellee, Southern Airways, Inc. (now Republic Airlines, Inc.), seeking damages for personal injuries sustained in a fall on the appellee's premises. Dross was employed as a custom engineer by Raytheon Data Systems Corporation (Raytheon), a manufacturer and vendor of computer equipment. The appellee purchased certain computer equipment from Raytheon in order to expand its passenger reservation service, and Raytheon assigned Dross to install the equipment and make the new system operational. Rather than having Raytheon's crew lay the necessary computer cable, the appellee chose to have its own employees perform that task. Allegedly because of the negligence of one of the appellee's employees, on April 6, 1978, Dross fell into a hole in the floor and was injured.

Raytheon paid Dross workers' compensation, and Dross subsequently sued the appellee as a third-party tortfeasor. Following the trial, the jury returned a verdict of $48,500 for Dross. On appeal, however, this court reversed the trial court's denial of the appellee's motion for new trial on the basis that a jury instruction on future medical expenses was error. *Southern Airways v. Dross*, 162 Ga. App. 572 (291 SE2d 93) (1982). Before the case was retried, the appellee moved for leave to amend its answer to assert the "statutory employer" defense expressed in *Godbee v. Western Elec. Co.*, 161 Ga. App. 731 (288 SE2d 881) (1982) and its progeny, and also moved for summary

judgment. The trial court granted both motions, from which Dross appeals. *Held*:

Assuming, arguendo, that the trial court did not abuse its discretion in allowing the appellee's amendment to its answer, the grant of summary judgment on the basis that the appellee constituted the statutory employer of Dross must still be reversed. At the time of its ruling, the trial court was correct in characterizing the appellee as the statutory employer, under *Godbee v. Western Elec. Co.*, supra. However, this court, in *Modlin v. Black & Decker Mfg. Co.*, 170 Ga. App. 477 (317 SE2d 255) (1984), has subsequently overruled *Godbee* and the cases following it. Accordingly, because under the facts of this case the appellee was not a principal contractor as required by OCGA § 34-9-8, the statutory employer defense is no longer available to the appellee.

*Judgment reversed. McMurray, C. J., and Sognier, J., concur.*

DECIDED MARCH 13, 1984 —
REHEARING DENIED MARCH 26, 1984 —

*Pat D. Dixon, Jr.*, for appellant.
*James S. Strawinski, Meade Burns*, for appellee.