67312. CALLAHAN v. GEORGIA POWER COMPANY et al.

DEEN, Presiding Judge.

1. This is a statutory employer case and is controlled by *Modlin v. Black & Decker Mfg. Co.*, 170 Ga. App. 477 (317 SE2d 255) (1984).

2. In his second enumeration of error appellant contends the trial court erred in granting appellee's motion to quash notice of taking deposition and for a protective order. Appellant's argument is fairly persuasive in stating that the facts indicate that it was the normal routine for the defendant living in Cologne, Germany, to spend four to six days per month in Atlanta overseeing his business and that for him to come to Atlanta to give a deposition would not represent a financial hardship. Nevertheless, the trial judge has a wide discretion in determining issues in this area, and the appellate courts will not interfere with the trial court's decision on discovery matters absent a clear showing of abuse. *Ambassador College v. Goetzke*, 244 Ga. 322 (260 SE2d 27) (1979); *Vaughn & Co. v. Saul*, 143 Ga. App. 74 (237 SE2d 622) (1977). Compare *Global Van Lines v. Daniel Moving & Storage*, 159 Ga. App. 124 (283 SE2d 56) (1981) and *Bridges v. 20th Century Travel*, 149 Ga. App. 837, 838-839 (256 SE2d 102) (1979).

The trial court's order of October 15, 1982, gave the reasons for a reasonable exercise of a sound and legal discretion, as follows: "Defendant shall not be required to travel from [C]ologne, Germany for the purpose of submitting to a deposition by plaintiff. Plaintiff has numerous discovery methods at her disposal to obtain information without putting defendant to the undue burden which would result from being deposed in the United States. Included in the alternatives are the use of interrogatories, requests for production of documents, requests for admissions, and depositions upon written questions. If plaintiff chooses to depose defendant in [C]ologne, Germany, plaintiff shall be responsible for her own costs associated with such deposition. This order in no way limits plaintiff's right to depose defendant in [C]ologne, Germany."

We cannot say that the trial judge abused his discretion.

The trial court erred in granting the appellees' motion for summary judgment because of our holding in Division 1.

*Judgment reversed. McMurray, C. J., Quillian, P. J., Shulman,*

*P. J., Banke, Carley and Pope, JJ., concur. Birdsong and Sognier, JJ., dissent as to Division 1.*

DECIDED MARCH 13, 1984 —
REHEARING DENIED MARCH 30, 1984 —

*Harold D. Corlew, R. Douglas Lackey, Don L. Hartman,* for appellant.

*Joseph R. Cullens, Robert L. Pennington, Robert U. Wright, Joe C. Freeman, T. Ryan Mock, Jr.,* for appellees.

BIRDSONG, Judge, dissenting.

For the same reasons registered in the dissenting opinion of *Modlin v. Black & Decker Mfg. Co.,* 170 Ga. App. 477 (317 SE2d 255) (1984), I would affirm the judgment.

I respectfully dissent. I am authorized to state that Judge Sognier joins in this dissent.