67844. McCRIMMONS v. CORNELL-YOUNG COMPANY.

BENHAM, Judge.

Appellant, a tire serviceman employed by Macon Bandag, was injured when a large metal split-rim tire assembly on which he was working exploded in his face at appellee/Cornell-Young Company's Warner Robins plant. Appellee, a manufacturer of concrete products, had a contract with Macon Bandag for Macon Bandag to repair and replace tires on appellee's equipment. Macon Bandag dispatched appellant to change a flat tire on a conveyor, and while he was inflating the new tire, the assembly exploded, causing severe injuries to appellant's face and head.

Appellant filed for and received workers' compensation benefits through Macon Bandag. He subsequently filed a tort action against appellee, alleging that it breached its duty to properly maintain the split-rim tire assembly; that it knew the assembly was defective; and that it failed to warn appellant of the defect, proximately causing his injuries. Appellee denied negligence and liability, and claimed immunity pursuant to Code Ann. § 114-103 (now OCGA § 34-9-11). After discovery, appellee moved for summary judgment on the grounds that it had pierced the material allegations of the complaint concerning knowledge of the alleged defect, hazard, and improper maintenance, and that appellant had equal or superior knowledge of the danger, if any, in repairing the tire.

The trial court granted summary judgment for appellee without stating the grounds, whereupon appellant brought this appeal, listing five enumerations of error. We affirm.

1. The first three enumerations involve the classification of appellee as a "statutory employer" within the meaning of OCGA § 34-9-8. If appellee is a statutory employer, it would be liable to appellant for workers' compensation benefits and therefore could assert statutory tort immunity pursuant to OCGA § 34-9-11. In light of this court's recent decision in *Modlin v. Black & Decker Mfg. Co.*, 170 Ga. App. 477 (317 SE2d 255) (1984) which overruled *Godbee v. Western Elec. Co.*, 161 Ga. App. 731 (288 SE2d 881) (1982); *Scogin v. Ga. Power Co.*, 165 Ga. App. 2 (299 SE2d 84) (1983); and *Johnson v. Ga. Power Co.*, 165 Ga. App. 672 (302 SE2d 417) (1983), and revived the

reasoning in *Evans v. Hawkins*, 114 Ga. App. 120 (150 SE2d 324) (1966), appellee is not a "statutory employer," but merely the "owner" of the property upon which appellant was injured. Therefore, appellee did not have immunity from tort liability.

2. In his last two enumerations of error, appellant asserts that questions of fact remain regarding whether or not appellee knew that the rim was defective and that the alleged defect was hazardous; that the rim was improperly maintained, and that appellant had equal or superior knowledge of the alleged defect. After reviewing the record, we conclude that no genuine issue of material fact remains, and appellee was entitled to judgment as a matter of law.

The affidavits supporting appellee's summary judgment motion state that the rim assembly was properly maintained; that the outer portion of the assembly was visually inspected by appellee's employee immediately prior to the time appellant began his work on the equipment, and that there were no visible defects. The affidavits also indicate that appellee was unaware of any defects or problems and that none had occurred in the past with this or other assemblies.

Appellant states in his deposition that he knew he had to inspect the rim assembly to make sure that it was not warped, bent, weak, or chipped. He inspected the exterior of the rim assembly and then took the rim apart and inspected it. He found that the rim was not bent or cracked, that it was strong, and that nothing looked unusual or problematic, so he began his repair work. Appellant also explained that he was aware of the danger inherent in changing tires the size of the one on which he was working without using safety equipment; that if the assembly exploded it could "blow your head off if you ain't careful"; that before working for Macon Bandag he always used the safety equipment; that he "went against the odds" and did the work for Macon Bandag without safety equipment because he needed the job. Appellant also submitted an affidavit from a professional engineer who stated, after examining the rim, that it was extensively corroded, had pieces of metal missing, had not been painted for some time, and had been in that condition for some time prior to the accident. Appellant offered no proof that appellee knew of the alleged defect.

"The owner or occupier of land is under a duty to invitees to discover and either keep the premises safe from or warn of hidden dangers or defects *not observable to such invitees* in the exercise of ordinary care. [Cits.]" (Emphasis supplied.) *Ga. Farmers &c. Auth. v. Dabbs*, 150 Ga. App. 15 (2) (256 SE2d 613) (1979). "[T]he owner or occupier of premises is not an insurer of the safety of his invitees and . . . [appellant] could not recover if his knowledge of the danger was equal to or greater than that of the [appellee]." Id. Division 6. "The true ground of liability of the owner of property to an invitee who is injured thereon is the superior knowledge of the proprietor of the ex-

istence of a condition that may subject the invitee to an unreasonable risk of harm. [Cits.]" *Pound v. Augusta Nat.*, 158 Ga. App. 166, 167 (279 SE2d 342) (1981). "Where the owner . . . is without actual knowledge of the existence of a defect, and there is nothing in the appearance or character of the premises or some instrumentality on the premises which would indicate the possible or probable existence of any defects, there is no reason to think an inspection necessary, and ordinary diligence would not require an inspection . . . before permitting an invitee to make use of the same." *Amear v. Hall*, 164 Ga. App. 163, 168 (296 SE2d 611) (1982).

Appellant was clearly in a position equal if not superior to that of appellee to observe the alleged defect; he conducted a more thorough inspection than did appellee's employee, and found nothing amiss. Moreover, he anticipated the risk inherent in the work he was doing and knowingly assumed that risk. Appellee obviously contracted with Macon Bandag because of Macon Bandag's expertise to do the necessary repair work. Under these circumstances, appellee could not be liable for appellant's injuries.

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED JULY 13, 1984.

*Malcolm G. Lindley*, for appellant.
*Rufus D. Sams III, James V. Towson*, for appellee.