40600. MANNING v. GEORGIA POWER COMPANY et al.

SMITH, Justice.

Richard Manning was injured when he came in contact with a 115,000 volt conductor while working as a painter at a Georgia Power Company facility. At the time of his injury he was employed by Joseph Hartman d/b/a The Tower People, which was under contract

with Georgia Power Company to paint certain structures owned by it that were rusting and in need of maintenance. Manning sought and obtained workers' compensation benefits from Hartman. He also filed a suit in tort against Georgia Power, which was granted summary judgment on the ground that the work being performed by Manning was in the usual course of its trade, business, occupation and profession. See OCGA § 34-9-2 (Code Ann. § 114-107). The Court of Appeals affirmed on the same ground, and held that Georgia Power was a statutory employer and immune to Manning's tort claim. We granted Manning's petition for writ of certiorari to the Court of Appeals to consider whether Manning was a statutory employee of Georgia Power within the meaning of the Workers' Compensation Act. He was not and we reverse.

The statutory employer doctrine is based on OCGA § 34-9-8 (Code Ann. § 114-112), which states in pertinent part: "(a) A principal, intermediate, or subcontractor shall be liable for compensation to any employee injured while in the employ of any of his subcontractors engaged upon the subject matter of the contract to the same extent as the immediate employer . . .

"(d) This Code section shall apply only in cases where the injury occurred on, in, or about the premises on which the principal contractor has undertaken to execute work or which are otherwise under his control or management." See *Wright Associates v. Rieder,* 247 Ga. 496(1) (277 SE2d 41) (1981). Thus the statutory employer doctrine permits liability for workers' compensation benefits to attach vicariously against someone other than an injured employee's employer. In return, the vicariously liable party is immune from tort liability for the injury suffered. OCGA § 34-9-11 (Code Ann. § 114-103); *Wright Assoc. v. Rieder,* supra. By this section the legislature intended to protect persons working for subcontractors who are financially irresponsible or who are otherwise exempt from the provisions of the Workers' Compensation Act.

In *Evans v. Hawkins,* 114 Ga. App. 120 (150 SE2d 324) (1966), it was established that "principal" in paragraph (a) meant "principal contractor," just as in paragraph (d), and not a principal party to whom an obligation to perform work is owed. Thus a property owner, although he may be a "principal," is not a principal contractor within the meaning of this section and is not a statutory employer who is liable for workers' compensation benefits or immune to tort liability by reason of the exclusive remedy provision of the Act, OCGA § 34-9-11 (Code Ann. § 114-103). The Court of Appeals apparently lost track of *Evans* however, in deciding *Godbee v. Western Electric Co.,* 161 Ga. App. 731 (288 SE2d 881) (1982). *Godbee* ignored *Evans* and announced the rule that OCGA § 34-9-8(a) (Code Ann. § 114-112)

pertains to *any* employer who hires another to perform work, regardless of whether he is an owner rather than a contractor. Nevertheless, the error in *Godbee,* and the failure to account for *Evans,* was remedied in *Modlin v. Black & Decker,* —— Ga. App. —— (—— SE2d ——) (No. 67781, decided March 5, 1984), wherein *Godbee* was expressly overruled and the reasoning of *Evans* revived. "Owners or entities merely in possession or control of the premises would not be subject to workers' compensation liability as statutory employers, except in the isolated situation where the party also serves as a contractor for yet another entity and hires another contractor to perform the work on the premises." Id. at ——. We agree with and adopt this analysis of the intent and meaning of OCGA § 34-9-8(a) (Code Ann. § 114-112) as to the statutory employer doctrine.

Applying the precepts of *Modlin* to the present case it is clear that we must reverse. Georgia Power is an owner (and is not acting as a contractor), on whose property Manning was injured. The Act does not make Georgia Power liable for workers' compensation benefits in such circumstances, nor does it immunize Georgia Power from potential liability in tort. Therefore it was error for the Court of Appeals to hold that Georgia Power Company was a statutory employer of Manning and immune to tort liability. The decision of the Court of Appeals in this case is reversed.

*Judgment reversed. All the Justices concur, except Marshall, P. J., who dissents.*

DECIDED APRIL 4, 1984.

*Hine & Carroll, Paul T. Carroll III,* for appellant.

*Troutman, Sanders, Lockerman & Ashmore, Fordham E. Huffman, Robert L. Pennington, Lamar, Archer & Cofrin, Robert C. Lamar,* for appellees.

*John E. James, Gene Mac Winburn, Billy E. Moore,* amicus curiae.