Martha P. McCORKLE and Edward E. McCorkle, Plaintiffs-Appellants,

v.

The UNITED STATES of America and Conrad Weihnacht Construction Company, a Florida Corporation, Defendants-Appellees.

No. 83–8294.

United States Court of Appeals, Eleventh Circuit.

July 26, 1984.

---

Thomas M. Hunter, Phillip McCorkle, Savannah, Ga., for plaintiffs-appellants.

Stanley Karsman, Kenneth L. Royal, Kenneth C. Etheridge, Asst. U.S. Atty., Savannah, Ga., for defendants-appellees.

Before GODBOLD, Chief Judge, and JOHNSON and CLARK, Circuit Judges.

PER CURIAM:

The relevant facts on this appeal are not disputed. The Conrad Weihnacht Construction Company (CWCC) of Jacksonville, Florida, was awarded a contract by the United States for the renovation of thirty-one underground jet fuel tanks located at Hunter Army Airfield in Savannah, Georgia. CWCC in turn subcontracted the cleaning of these tanks to Miller Painting Company of Savannah, Georgia. While cleaning the last tank on May 14, 1980, plaintiffs' son, Bruce McCorkle, an employee of Miller, was killed when the fuel tank in which he was working exploded.

The contract between the United States and CWCC, also incorporated into the contract between CWCC and Miller, required that the contractor procure and maintain Workers' Compensation insurance. The plaintiffs collected partial benefits from Miller and its insurance carrier, and on May 10, 1982, filed suit in the United States District Court for the Southern District of Georgia against the United States, pursuant to the Federal Tort Claims Act, 28

U.S.C.A. §§ 1346(b), 2671 *et seq.*, and against CWCC, alleging their son's death was due to defendants' negligence. The United States and CWCC filed motions to dismiss the complaint on the ground that under Georgia law they were statutory employers of plaintiffs' son within the meaning of the Georgia Workers' Compensation Act, O.C.G.A. § 34–9–1 *et seq.*, and thus the Workers' Compensation Act was the sole remedy against them. The district court agreed, and dismissed the complaint. This appeal followed.

*1. The United States*

■ Under the Federal Tort Claims Act, the United States is liable to suit only in the same manner and to the same extent as a private individual under like circumstances under the law of the place where the alleged act or omission occurred. 28 U.S.C.A. § 1346(b); *United States v. Orleans,* 425 U.S. 807, 814, 96 S.Ct. 1971, 1976, 48 L.Ed.2d 390 (1976). In this case, the United States argued before the district court that although the fact is undisputed that it occupies the status of the owner or occupier of the premises on which the work was done, it is nonetheless a statutory employer within the definition of a "principal" in O.C.G.A. § 34–9–8 and is thus entitled to tort immunity under O.C.G.A. § 34–9–11.[1] Relying on *Godbee v. Western Electric Co.,* 161 Ga.App. 731, 288 S.E.2d 881 (1982), the district court so held. In *Godbee,* the Georgia Court of Appeals interpreted § 34–9–8 and held that:

> We believe that section pertains to any employer who hires another employer to perform work. A covered employer is one who is engaged in a business and

employs three or more employees whether a principal, intermediate, prime or subcontractor.... The fact that the covered business also happens to be an owner of a business or premises should have no impact. *Id.,* 288 S.E.2d at 882.

After the district court's opinion and order was entered in this case, the Georgia Court of Appeals overruled *Godbee* and held that the "[s]tatutory provision applies to contractors and not to owners, unless the owner also serves as a contractor." *Modlin v. Black & Decker Manufacturing Co.,* No. 67781, slip op. at 4 (Ga.App. Mar. 5, 1984). One month later, the Georgia Supreme Court agreed with and adopted the *Modlin* analysis of § 34–9–8. *Manning v. Georgia Power Co.,* 252 Ga. 404, 314 S.E.2d 432 (1984).

■ As a threshold matter, we reject the United States' claim that *Manning* and *Modlin* are not to be applied retroactively. The United States' reliance on *Troxler v. Owens-Illinois, Inc.,* 717 F.2d 530 (11th Cir.1983), in support of this argument is misplaced. In *Troxler,* this Court stated in dicta that a Georgia court would refuse to retroactively apply *Godbee*'s change in the then prevailing Georgia law to allow an owner to assert a statutory immunity defense for the first time on appeal. The *Troxler* court relied on *Johnson v. Hensel Phelps Construction Co.,* 250 Ga. 83, 295 S.E.2d 841 (1982), in which the Georgia Supreme Court reversed the Court of Appeals' retroactive application of *Wright Associates v. Rieder,* 247 Ga. 496, 277 S.E.2d 41 (1981), holding for the first time that a statutory employer is immune in tort from

---

**1.** O.C.G.A. § 34–9–8(a):

A principal, intermediate, or subcontractor shall be liable for compensation to any employee injured while in the employ of any of his subcontractors engaged upon the subject matter of the contract to the same extent as the immediate employer.

O.C.G.A. § 34–9–11:

The rights and remedies granted to an employee by this chapter shall exclude all other rights and remedies of such employee, his personal representative, parents, dependents, or next of kin, at common law or otherwise,

on account of such injury, loss of service, or death; provided, however, that no employee shall be deprived of any right to bring an action against any third-party tort-feasor, other than an employee of the same employer or any person who, pursuant to a contract or agreement with an employer, provides workers' compensation benefits to an injured employee, notwithstanding the fact that no common-law master-servant relationship or contract of employment exists between the injured employee and the person providing the benefits.

suit by the employee of an independent contractor, and held that the employer could not raise this defense for the first time on appeal. Obviously, the *Troxler/Johnson* situation is factually distinct from that in the present case: in those cases, the changes in Georgia law from *Godbee* and *Rieder* resulted in the addition of a defense barring plaintiff's cause of action which was not raised before the trial court. In the present case, the *Manning* and *Modlin* decisions result in the elimination of a defense barring plaintiffs' cause of action which was raised and held dispositive in the trial court. The United States has cited no authority which holds that in this latter controlling fact situation the Georgia courts would refuse to follow the well recognized principle that the law in effect at the time of appeal is to be applied, *Hensel Phelps Construction Co. v. Johnson*, 164 Ga.App. 404, 298 S.E.2d 261, 262 (1982) (on remand); therefore, we hold that *Manning* and *Modlin* govern the disposition of the present appeal as to the United States.

▄ The United States claims that *Manning* and *Modlin* do not establish a *per se* rule that an owner of the premises on which the work is done can never be a statutory employer, and relies on *Manning,* and *Modlin,* in support of its claim that a determination of whether an owner is a statutory employer is essentially a factual one.

In adopting the *Modlin* analysis, the *Manning* court quoted the following language from *Modlin:*

> Owners or entities *merely in possession or control of the premises* would not be subject to workers' compensation liability as statutory employers, except in the iso-

lated situation where the party also serves as a contractor for yet another entity and hires another contractor to perform the work on the premises.

*Manning,* 314 S.E.2d at 434, *quoting Modlin,* slip op. at 5–6 (emphasis added).

In this case, the United States claims that the allegations of plaintiffs' complaint reflect that it was more than merely in possession or control of the premises,[2] and relies on the *Modlin* court's explanation of why an owner should not receive statutory employer status as establishing factors which, if met, would indicate that the owner was intimately involved in and exercising control over the work to be done to a degree consistent with a statutory employer status. The *Modlin* court stated that:

> An owner who hires a contractor to perform work on the owner's premises is not ordinarily in the position to appreciate and control the risks of injury; the owner ordinarily does not supervise the work; and the owner ordinarily has no input in the hiring practices of the main contractor. Because the contractor, rather than the owner, is in the position to realize and control the risk of injury, it is unfair to subject an owner, merely because he has hired the contractor, to workers' compensation liability. *Modlin,* slip op. at 6.

The government urges remand to the district court for a factual determination of whether the United States is an "owner merely in possession or control" or is something more than that with control over safety and the work, an "owner plus" with the "plus" sufficient that it is to be treated as a statutory employer.

---

**2.** Paragraph 8 of plaintiffs' complaint:

The work performed under this portion of the Contract was inherently dangerous, in violation of OSHA regulations and done under the direct supervision and control of the United States. The United States, according to previous knowledge and experience, knew or should have known that the work performed was in its nature dangerous, however carefully performed. The United States knew or should have known that the equipment uti-

lized by the Subcontractor violated a duty imposed by statute to insure minimum safety standards for the benefit of workers. The United States, by and through its employees, actively assumed control of various functions associated with this portion of the contract including safety inspection, air quality testing and "seal down" supervision at the conclusion of each fuel tank cleaning operation … Record at 3.

Plaintiffs focus on other language in the *Manning* and *Modlin* opinions, revealing an internal inconsistency in *Modlin.*

They rely upon the language of *Modlin* that immunity "applies to contractors and not owners, unless the owner also serves as a contractor." *Modlin* defines a contractor as one who contracts to perform work for another and then sublets such work in whole or part. In *Manning*, in adopting the *Modlin* analysis, the Georgia Supreme Court held that statutory employer immunity "applies to contractors and not owners, unless the owner also serves as a contractor." This language draws a bright line between owner and contractor. Under it an owner who is an "owner plus" by reason of particular facts concerning supervision and control of safety still would not be a statutory employer unless he is also a contractor.

We are not sure which prong of *Modlin* the Georgia courts intend to control. Georgia might want the contractor/not a contractor bright line rule. Or it may want an "owner plus," or "circumstances of the case," rule.

We do not choose at this time between the two inconsistent prongs of *Modlin.* Rather we remand the case to the district court in order that it can develop the facts and, if required, apply the Georgia law that it finds controlling.

**2. Conrad Weihnacht Construction Company**

■ In *Wright Associates, Inc. v. Rieder*, 247 Ga. 496, 277 S.E.2d 41 (1981), the Georgia Supreme Court held that a principal contractor is a statutory employer within the meaning of § 34–9–8 of an employee of an independent subcontractor who is injured while engaged upon the subject matter of the contract on the premises on which the principal contractor had undertaken to execute the work. Clearly, CWCC, the principal contractor in this case, is under *Rieder* a statutory employer of plaintiffs' son, an employee of Miller, the independent subcontractor, who was injured while engaged upon the subject matter of the contract on the premises on which CWCC had undertaken to execute the work. *Manning* and *Modlin*, involving an owner's status as a statutory employer, do not affect and in fact reaffirm *Rieder*'s holding that a general contractor is a statutory employer. Thus, it is clear that § 34–9–11, the exclusivity provision of Georgia's Workers' Compensation Act, would bar any tort action by the plaintiffs against CWCC directly. Plaintiffs, however, argue for such a result indirectly, claiming that they should be allowed to proceed against CWCC[3] on the theories of vicarious liability embodied in O.C.G.A. § 51–2–2 and § 51–2–5.[4] We hold that such a result is expressly precluded by § 34–9–11: "The rights and remedies

---

**3.** In brief, plaintiffs also claim that the United States is liable under the vicarious liability theories of O.C.G.A. §§ 51–2–2 and 51–2–5. Assuming the United States is found not to be a statutory employer, and thus such a vicarious liability theory is not precluded by § 34–9–11, we note the United States' argument, to be decided by the district court on remand if the occasion arises, that due to its limited waiver of sovereign immunity in the Federal Tort Claims Act it is not liable for the negligence of its independent contractors. *See* 28 U.S.C.A. §§ 1346(b), 2671; *United States v. Orleans*, 425 U.S. 807, 96 S.Ct. 1971, 48 L.Ed.2d 390 (1976); *Dalehite v. United States*, 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427 (1953). Again, this is essentially a factual inquiry in which "[a] critical element in distinguishing an agency from a contractor is the power of the Federal Government 'to control the detailed physical performance of the contractor.'" *Orleans, supra*, 425 U.S. at 814, 96

S.Ct. at 1976, *quoting Logue v. United States*, 412 U.S. 521, 528, 93 S.Ct. 2215, 2220 (1973).

**4.** O.C.G.A. § 51–2–2:

Every person shall be liable for torts committed by his wife, his child, or his servant by his command or in the prosecution and within the scope of his business, whether the same are committed by negligence or voluntarily.

O.C.G.A. § 51–2–5:

An employer is liable for the negligence of a contractor:

(1) When the work is wrongful in itself or, if done in the ordinary manner, would result in a nuisance;

(2) If, according to the employer's previous knowledge and experience, the work to be done is in its nature dangerous to others however carefully performed;

(3) If the wrongful act is the violation of a duty imposed by express contract upon the employer;

granted to an employee by this chapter shall exclude *all* other rights and remedies of such employee ..." (emphasis added). Since CWCC is a statutory employer of the plaintiffs' son under *Rieder*, the *sole* remedy, whether proceeding directly or indirectly, available to plaintiffs under § 34–9–11 is that provided in the Georgia Workers' Compensation Act. In other words, § 34–9–11 expressly abrogates the vicarious liability provisions of §§ 51–2–2 and 51–2–5 which would otherwise permit an employee of an independent subcontractor to proceed against a general contractor/statutory employer on a vicarious liability theory.

For the foregoing reasons, we RE-VERSE the district court's dismissal of the United States as a party to this action, and REMAND this case as to the United States for a determination of the United States' status as a statutory employer under the Georgia Workers' Compensation Act. We AFFIRM the district court's dismissal of Conrad Weihnacht Construction Company as a party to this action.

(4) If the wrongful act is the violation of a duty imposed by statute;
(5) If the employer retains the right to direct or control the time and manner of executing the work or interferes and assumes control so as to create the relation of master and servant or so that an injury results which is traceable to his interference; or
(6) If the employer ratifies the unauthorized wrong of the independent contractor.