68450. SUPERIOR RIGGING & ERECTING COMPANY, INC.
v. RALSTON PURINA COMPANY.
(322 SE2d 95)

BIRDSONG, Judge.

This appeal is from the trial court's grant of plaintiff's motion for summary judgment in this indemnity action. The trial court determined that appellant was liable as a matter of law under the indemnity clause in a construction contract pursuant to which appellant contracted to construct a catwalk in appellee's (Ralston Purina's) Fairburn, Georgia, plant. The trial court denied Ralston's motion as to damages and also denied appellant's motion for summary judgment. The sole issues on appeal concern the propriety of the partial award of summary judgment and the denial of appellant's motion.

The construction contract in question provided that appellant, as contractor, would "indemnify and hold harmless [appellee] from and against all claims, suits and judgments for property damage, bodily injuries and deaths caused by any act or omission of [appellant], its . . . agents and employees, and against and from the expense of defending such claims and suits, including court costs, attorneys' fees and all other expenses." While employed by appellant and while working on the catwalk at Ralston's premises, Jack Land was seriously injured by a 20-foot fall to a concrete floor. Land received workers' compensation benefits from appellant and subsequently sued Ralston in tort. Land's action against Ralston was extensively discovered prior to trial and was submitted to a jury after nine days of trial; however, Land voluntarily dismissed the action after the commencement of jury deliberation. Prior to the expiration of the time within which Land could recommence his action, Ralston and Land settled the case for $20,000. The undisputed evidence before the trial court in this case shows that discovery and testimony in the underlying action established Land's special damages to be in excess of $100,000. Appellant denied liability for indemnification of the settlement. *Held:*

1. Appellant contends that the trial court erred in failing to grant its motion for summary judgment because, as a matter of law, Ralston was not liable to Land for his injuries. Appellant's contention in this regard is based upon this court's decision in *Godbee v. Western Elec. Co.,* 161 Ga. App. 731 (288 SE2d 881), overruled, *Modlin v. Black &*

*Decker Mfg. Co.*, 170 Ga. App. 477 (317 SE2d 255). See also *Manning v. Georgia Power Co.*, 252 Ga. 404 (314 SE2d 432). According to appellant's argument, appellee was a statutory employer pursuant to the *Godbee* rule and, therefore, could not have been liable in tort to Land. Consequently, appellant views Ralston's settlement with Land as constituting nothing more than a voluntary payment and giving rise to no indemnification rights pursuant to the subject contract agreement.

We find appellant's contention unpersuasive. The statutory employer concept enunciated in *Godbee* has been overruled in *Modlin*. It is now apparent that Ralston was not immune from civil liability to Land. *Godbee* therefore provides no basis for concluding that Ralston's payment to Land was purely voluntary. The trial court, accordingly, properly denied appellant's motion for summary judgment.

2. We agree, however, that the trial court erred in awarding partial summary judgment to the appellee. Appellant concedes in its brief, as it must, that judgment fixing legal liability is not a condition precedent to recovery pursuant to a contractual indemnity clause. OCGA § 51-12-32 (c). However, appellant correctly notes the burden was on appellee, as movant for summary judgment, to establish that Land's injury was proximately caused, at least in part, by appellant's negligence. *Charter Bldrs. v. Sims Crane Svc.*, 150 Ga. App. 100, 101 (256 SE2d 678). "This burden is a great one for, as a general proposition, issues of negligence are not susceptible of summary adjudication but should be resolved by trial in the ordinary manner. . . . The trial court can conclude as a matter of law that the facts do or do not show negligence only where the evidence is plain, palpable and undisputable." Id.

The record reveals that at the time of his fall Land was attempting to make measurements on the catwalk structure on which he and another welder/employee of appellant were working. Land was raised to the structure in a safety basket. He then climbed out of the safety basket and walked to the end of the existing structure. When he placed his foot on a newly welded portion of tubing, the tubing broke at an old weld causing Land to fall approximately 20 feet to a concrete floor. The evidence demonstrates that the weld which broke was performed by Arthur G. McKee & Co. and was designed merely to hold a "sanitary cap" covering the end of the existing structural tubing. Before Land fell, his co-worker had welded a new piece of tubing onto the existing "sanitary cap." However, the new weld was insufficient to reach the existing tubing, and the weld between the existing tubing and the sanitary cap was insufficient to support Land's weight.

In Land's action against Ralston, he alleged negligence on the part of Ralston in failing to communicate to appellant the thickness of the "sanitary caps" applied by McKee. In its defense, Ralston at-

tempted to demonstrate that appellant's supervisor and employee should have discovered the thickness of the "sanitary cap" prior to attempting to weld new tubing onto the cap. The record of the underlying action indicates potential violations of governmental and industrial safety standards as well as proper professional practices by appellant, Land, and his co-worker and supervisor.

"[W]e have thoroughly and carefully examined the record on appeal and do not find 'the undisputed facts [to] be so clear as to leave no room for a jury to find save one way' — that [appellant's] conduct in this matter was somehow negligent and that that negligence resulted in [Land's] injury." Id., p. 102. We cannot determine that the evidence without question eliminates any genuine issue that a trier of fact could find it impossible that Land's injuries were not the sole proximate result of his own negligence or that of a party other than appellant. " 'Unless no other conclusion is permissible, questions of negligence [and proximate cause] are matters for jury resolution and are not ordinarily susceptible to summary adjudication. [Cit.]' [Cit.]" Id. Because the imposition of liability on appellant pursuant to the subject indemnity clause requires a finding that appellant's negligence proximately contributed to Land's injuries, which is not conclusively established by the record as a matter of law, the trial court erred in granting Ralston's motion for summary judgment on the liability issue.

*Judgment affirmed in part and reversed in part. Quillian, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 11, 1984.

*Edward R. Still, Andrew M. Scherffius,* for appellant.
*Elaine W. Whitehurst,* for appellee.