STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-05-336



CHARLES S. HILL,

　　　　　　　　Plaintiff

v.

COOPER TIRE & RUBBER CO.,

　　　　　　　　Defendant

ORDER

This case comes before the Court on Defendant Cooper Tire & Rubber Co.'s Motion to Dismiss, and in the alternative, Motion for Joinder of a Party.

## FACTUAL BACKGROUND

Chronos Richardson (Chronos) employed Plaintiff Charles Hill (Hill), a Maine resident, as a service technician. Chronos contracted with Defendant Cooper Tire & Rubber (Cooper Tire) to provide services. Cooper Tire is a foreign corporation that sells its products in Maine through 25 Maine dealers. On August 31, 1999, Hill was working in a warehouse owned by Cooper Tire in Albany, Georgia. On that day, Hill was hit by a forklift operated by a Cooper Tire employee. As a result, he sustained injuries to his back, legs, and knees.

Sometime thereafter, Hill obtained workers' compensation benefits in Maine from Chronos' insurance carrier, Chubb Insurance Co. (Chubb). (Def. Objection to Motion to Intervene, 4). On June 6, 2005, Chubb initiated a lawsuit against Cooper Tire on behalf of Hill. The Complaint seeks recovery for negligence in accordance with the doctrines of vicarious liability and/or respondeat superior (Count I), and negligent supervision and training (Count II). Hill retained his own attorney and filed a motion to intervene, which was

granted by the Court. On July 19, 2005, Defendant filed a motion to dismiss pursuant to M.R. Civ. P 12(b)(6), or in the alternative, improper venue/forum non conveniens. On July 29, 2005, Defendant filed a motion for joinder of Chronos Richardson as a necessary party to the action.

## DISCUSSION

a.    Forum Non Conveniens

Preliminarily, Cooper Tire contends that it is entitled to a motion to dismiss based on Maine being an inconvenient forum. Generally speaking, unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed unless the plaintiff's goal is to "vex, harass or oppress the defendant." *MacLeod v. MacLeod*, 383 A.2d 39, 42 (Me. 1978). Factors to consider when engaging in this balancing test are: "the private interest of the litigant; the relative ease of access to sources of proof; availability of witnesses; possibility of view of premises; and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.*

Here, although the forklift accident occurred in Georgia, Plaintiff is a resident of Maine. He has received worker's compensation under Maine laws for injuries sustained from the accident. Furthermore, there is no evidence that Hill's aim in filing this action in Maine was to harass or oppress Cooper Tire. Cooper Tire is a large corporation that travels frequently to Maine to sell its products. In balancing the factors, it is clear that defending this action in Maine is not prejudicial to Cooper Tire.

Cooper Tire's core arguments are that Georgia law controls this tort action. Accordingly, Cooper Tire argues that dismissal is warranted because Hill

is barred from recovery under Georgia's statute of limitations, and because Cooper Tire is entitled to statutory immunity pursuant to Georgia's workers' compensation law. O.C.G.A. § 34-9-8.

b.     Statute of Limitations

"Under traditional choice of law rules, the forum state generally applies its own statute of limitations to a cause of action, even though it may apply the substantive law of another state." *Ouellette v. Sturm, Ruger & Co.*, 466 A.2d 478, 482 (Me. 1983).

c.     Tort Immunity Pursuant to O.C.G.A. § 34-9-8.

In determining which law to apply, the court utilizes the "most significant contacts and relationships test." *Collins v. Trius*, Inc., 663 A.2d 570, 572 (Me. 1995).[1] The aim of this test is to "isolate the issue, [ ] identify the policies

---

[1] Section 145 of the Restatement (Second) of Conflict of Laws enunciates the "general principle" of the most significant contacts and relationship test:

> (1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in ß 6.

> (2) Contacts to be taken into account in applying the principles of ß 6 to determine the law applicable to an issue include:

>> (a) the place where the injury occurred,

>> (b) the place where the conduct causing the injury occurred,

>> (c) the domicil, residence, nationality, place of the parties, and

>> (d) the place where the relationship, if any, between the parties is centered.

embraced in the laws in conflict, and finally to examine the contacts with the respective jurisdictions to determine which jurisdiction has a superior interest in having its policy or law applied." *Id.* Here, the specific issue is whether Georgia's workers' compensation law, which provides tort immunity for a principal contractor in certain situations, should apply to this action. O.C.G.A. § 34-9-8. Although Maine has an interest in the case because Hill is a resident of Maine, the injury occurred in Georgia, on Cooper Tire's property, and was caused by Cooper Tire's employee. Accordingly, it is clear that Georgia has a profound interest in protecting the expectations of Georgian contractors and employees subject to this law.

Georgia's workers' compensation statute provides that a claim for compensation shall first be presented to the immediate employer, but that if the immediate employer is not subject to the Workers' Compensation Act "then such claim may be directly presented to and instituted against the intermediate or *principal contractor*." O.C.G.A. § 34-9-8(c) (emphasis added). This statute applies "only in cases where the injury occurred on, in, or about the premises on which the *principal contractor* has undertaken to execute work or which are otherwise under his control or management." O.C.G.A. § 34-9-8(d).

In interpreting this statute, the Georgia Supreme Court has held that "owners or entities merely in possession or control of the premises would not be subject to workers' compensation liability as statutory employers, except in the isolated situation where that party also serves as a contractor for yet another

entity and hires another contractor to perform the work on the premises."[2]

*Manning v. Georgia Power Company*, 252 Ga. 404, 434 (Ga. 1984). Because this "secondary liability imposed under this Code section is predicated upon the existence of the principal contractor-subcontractor relationship, this provision of the Compensation Act is not intended to cover all employers who let out work on contract but is limited to those who contract to perform certain work, such as the furnishing of goods and service, for another, and then sublet in whole or part such work." *Modlin v. Black and Decker Manufacturing Co.*, 170 Ga. App. 477, 479 (Ga. App. 1984)) (adopted by *Manning v. Georgia Power Co*, 252 Ga. 404 (Ga. 1984).

The pertinent issue for this motion is whether Cooper Tire was the principal contractor, and therefore entitled to tort immunity pursuant to O.C.G.A. § 34-9-8. A motion to dismiss for failure to state a claim tests the legal sufficiency of the complaint. *Plimpton v. Gerrard*, 668 A.2d 882, 885 (Me. 1995). Dismissal for failure to state a claim is appropriate only where it appears beyond doubt that the plaintiff is entitled to no relief under any set of facts which he might prove in support of his claim. *Dutil v. Burns*, 674 A.2d 910, 911 (Me. 1996).

---

[2] In *Modlin v. Black and Decker Manufacturing Co.*,170 Ga. App. 477, 479 (Ga. 1984) (affirmed and adopted by *Manning v. Georgia Power Company*, 252 Ga. 404, 434 (Ga. 1984), the appellate court expounded on the legislative intent of the statute. "An owner who hires a contractor to perform work on the owner's premises is not ordinarily in the position to appreciate and control the risks of injury; the owner ordinarily does not supervise the work; and the owner ordinarily has no input in the hiring practices of the main contractor. Because the contractor, rather than the owner, is in the position to realize and control the risks of injury, it is unfair to subject an owner, merely because he has hired the contractor, to workers' compensation liability. Similarly, it wrongs an injured worker to deprive him of his common law remedies against an owner, where the owner's fault causes the injury, merely because the owner also happens to be an employer with three or more employees and the owner has hired a contractor to perform work on its premises." *Id.* See Thrash and Blank, *Evolution of the Statutory Employer Rule, 19 Ga. St. B. J. 172 (1983).*"

In *Manning v. Georgia Power Co*, the Georgia Supreme Court discussed the issue of principal contractor pursuant to O.C.G.A. § 34-9-8. 252 Ga. 404 (Ga. 1984). In that case, the plaintiff worked as a painter for a painting company, which was under contract with Georgia Power Company to paint certain structures owned by it. *Id.* at 404-05. When a volt conductor on the power company's property injured the plaintiff, he obtained workers' compensation benefits from the painting company and filed a tort claim against the power company. *Id.* at 405. The Georgia Supreme Court found that the power company was not the principal contractor with regard to the painting of its own structures, but rather was merely an owner on whose property the plaintiff was injured. *Id.* at 406. Accordingly, the court held that the power company was neither liable for workers' compensation benefits nor immunized from tort liability. *Id.*

The *Manning* decision is in line with Georgia law regarding an employer's duty to an independent contractor. "The employer of an independent contractor owes the contractor's employees the ubiquitous duty of not imperiling their lives by his own affirmative acts of negligence." *United States v. Aretz*, 248 Ga. 19, 24 (B) (1) (Ga. 1981).

This case is similar to the facts in *Manning*. It is clear here that Cooper Tire is the owner of the premises where Hill was injured. The question then becomes whether Cooper Tire was also the principal contractor. The pleadings indicate that Hill's immediate employer, Chronos, contracted to work for Cooper Tire. While Hill was working on Cooper Tire's premises, he was injured by the alleged negligence of a Cooper Tire employee. *Manning* suggests that if Chronos was

hired to perform cosmetic services such as painting, or services unrelated to Cooper Tire's role as a contractor, then Cooper Tire would not be a principal contractor under O.C.G.A. § 34-9-8. Furthermore, this statute seems to apply to employers who contract to perform work, and then subsequently sublet that work to another contractor. That is not the case here. Cooper Tire was not a contractor hired to perform work. It hired Chronos to perform the work. Therefore, if Cooper Tire was merely Chronos' employer as Hill contends, it is clear under Georgia law that Cooper Tire had a duty to not imperil the lives of Chronos' employees by its own negligence.

The motion to dismiss based on forum non conveniens is DENIED.

The motion to dismiss based on Georgia's 2-year statute of limitations is DENIED.

The motion to dismiss based on statutory immunity is DENIED.

Cooper Tire's Motion for the joinder of Chronos as a party is GRANTED.

DATE: _____

_____
Justice, Superior Court

OF COURTS
erland County
. Box 287
laine 04112-0287

BARRY WOODS ESQ
ONE MONUMENT WAY
PORTLAND ME 04101

PHILIP MANCINI ESQ
ONE MONUMENT WAY
PORTLAND ME 04101

x 287
e 04112-0287

OF COURTS
erland County
. Box 287
laine 04112-0287



JEFFREY EDWARDS ESQ
PO BOX 9546
PORTLAND ME 04112

COURTS
ıd County
ıx 287
e 04112-0287

NELSON LARKINS ESQ
PO BOX 9546
PORTLAND ME 04112

OF COURTS
rland County
. Box 287
laine 04112-0287

ADRIENNE HANSEN ESQ
PO BOX 7060
PORTLAND ME 04112