[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14–11814
Non-Argument Calendar
_____

D.C. Docket No. 0:12–cv–61580–RSR

BLANCO GMBH + CO. KG,

Plaintiff-
Counter Defendant-
Appellee,

versus

VITO ANTONIO LAERA,

Defendant-
Counter Claimant-
Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 16, 2015)

Before MARCUS, WILLIAM PRYOR, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Defendant Vito Antonio Laera ("Defendant") appeals from a number of post-judgment orders issued by the district court in a trademark infringement case. Upon review of the record and the parties' briefs, and for the reasons set forth below, we **AFFIRM** the orders of the district court.

## I.    BACKGROUND

Plaintiff Blanco GmbH + Co. KG ("Plaintiff") is a German corporation that manufactures sinks, faucets, and kitchen accessories, which products the company distributes internationally, including in the United States.  Defendant is President of co-defendants Vlanco Industries, LLC ("Vlanco") and G-Tech-I, Inc. ("G-Tech-I"; with Vlanco, the "Corporate Defendants"; with Defendant and G-Tech-I, "Defendants"), which companies also manufacture and distribute kitchen fixtures.[1]

In August 2012 Plaintiff filed a trademark infringement lawsuit against Defendants, alleging the latter were "blatantly infringing its BLANCO marks by selling VLANCO-branded products" identical to Plaintiff's sinks and faucets. Plaintiff further alleged that it wrote to Defendants upon discovery of the allegedly infringing actions to request that they desist selling their VLANCO products and assign to Plaintiff their mark in the name.  Defendants did not desist, however, but allegedly doubled-down by appropriating Plaintiff's marketing efforts for their

---

[1]  Defendant claims on appeal that he has never served as President of Vlanco, though he does concede that he was, at one point, President of G-Tech-I.

own use, filing twenty-three applications with the United States Trademark Office, petitioning the Trademark Office to cancel one of Plaintiff's marks, and registering "a large number of domain names containing the infringing designations BLANCO or VLANCO, with the specific intention of diverting consumers from consummating sales of Plaintiff's goods bearing the BLANCO [m]arks."

Plaintiff's lawsuit did not last long—at least initially—proceeding only to the motion to dismiss stage, at which point the parties reached a settlement during mediation.  Consequently, on April 3, 2013, they jointly filed a Stipulation of Dismissal and request for the court to enter a final judgment.  The district court obliged shortly thereafter by entering its Final Judgment Upon Consent (the "Consent Judgment"), over which it retained jurisdiction to ensure the parties' compliance, and closing the case.

Generally, the terms of the Consent Judgment (1) enjoined Defendants from attempting to register as a mark with the Trademark Office or as an internet domain any term similar to "Blanco[,]" and from opposing Plaintiff's applications with the Trademark Office regarding such term; (2) obligated Defendants to cancel a number of pending trademark applications; and (3) required Defendants to transfer to Plaintiff the infringing internet domain names they previously registered.  Should Defendants breach any of the terms of the Consent Judgment, a liquidated damages clause required them to pay Plaintiff $150,000 per violation

3

and reimburse Plaintiff for any attorneys' fees and costs it incurred recovering those damages.

Not long after the district court closed the case, Plaintiff moved the court to reopen it and impose sanctions upon Defendants after discovering they had violated several provisions of the Consent Judgment.  In short, Plaintiff learned that Defendants, through the use of aliases, fictitious persons, or agents, (1) filed applications with the Trademark Office that concerned prohibited marks, (2) registered fifty-five new domain names containing versions of the prohibited marks, (3) redirected those domain names and twenty-three others to a website "using the Prohibited Designation BLANCO[,]" and (4) refused to transfer domain names to Plaintiff in accordance with the Consent Judgment, transferring them to third parties instead.

A second, subsequent motion for contempt alerted the court that Defendant was committing further violations of the Consent Judgment by prosecuting two lawsuits—both in federal court, one in the District of South Carolina and one in the Southern District of Florida—in which he sought to circumvent the Consent Judgment by obtaining verdicts that would enable the Corporate Defendants to use the prohibited marks.[2]  And Defendant's violations of the Consent Judgment did

---

[2] Plaintiff speculates that Defendant, by filing the South Carolina action on behalf of the Corporate Defendants and a third-party alias *against himself*, had the additional goal of rendering himself "judgment-proof" in the present lawsuit.

4

not stop there: he also moved the Trademark Office to "suspend the cancellation/opposition proceedings instituted by Plaintiff against [Defendant's] trademark applications that are the subject of the consent judgment, and thereby disregard[ed]" the district court's order to the contrary.

The district court referred Plaintiff's motions to a magistrate judge for review, who issued his first Report and Recommendations on December 12, 2013. In relevant part, the magistrate judge recommended that the district court grant the motions for contempt, having found that Plaintiff made a prima facie showing that Defendants violated the Consent Judgment, which the Defendants failed to rebut. As sanctions, in accordance with the Consent Judgment's liquidated damages clause, the magistrate judge recommended imposing four fines of $150,000 against Defendants—one for each category of violation committed, i.e., the licensing of and registering domain names for prohibited marks, filing trademark applications for prohibited marks, registering prohibited domain names, and failing to transfer certain domain name registrations to Plaintiff.  While the Consent Judgement technically would have authorized a fine of $150,000 for *each* violation Defendants committed, the magistrate judge felt that such an award would be excessive given that all the violative actions traced back to Defendant, Plaintiff's injuries were not quantifiable, and an award of $600,000 would effect the purpose of the liquidated damages clause by coercing Defendant's compliance with the

terms of the Consent Judgment.  In addition, the magistrate judge recommended that the court grant Plaintiff various injunctive relief and award it attorneys' fees and costs, both in accordance with the Consent Judgment.

After considering the motions, evidence, and the parties' objections, the district court agreed that Plaintiff established a prima facie case of contempt, which Defendants failed to rebut, and adopted the magistrate judge's Report and Recommendations.  Accordingly, the court found that Plaintiff was entitled to $600,000 in liquidated damages, attorneys' fees and costs, and injunctive relief as provided for in the Consent Judgment.  Additionally, the court ordered the Trademark Office to "dismiss" three applications filed by an alias or agent of Defendant.[3]

Following the district court's adoption of the magistrate judge's December 12, 2013 Report and Recommendations and issuance of its corresponding orders, the parties filed a number of motions, two of which are pertinent to this appeal. First, Plaintiff filed a Motion for Reconsideration of the court's Amended Order adopting the magistrate judge's Report and Recommendations upon uncovering *further* conduct of Defendants that violated the Consent Judgment.  Specifically, Plaintiff—a German corporation—learned that Defendants redirected twenty-three

---

[3] Roughly a week after issuing its Order adopting the magistrate judge's Report and Recommendations, on January 21, 2014 the district court issued an Amended Order to correct its instructions to the Trademark Office.  That is, rather than "dismiss" the three pending trademark applications, the court ordered the Trademark Office to "abandon [them] with prejudice[.]"

domain names they previously owned to a website "featuring Adolf Hitler and atrocious Nazi war crimes, as well as a link to Heinrich Blanc, the founder of Plaintiff, implying his involvement with the[] atrocities."[4]  Thus, an individual who tried to visit Plaintiff's American website would be redirected to a website "with graphic photographs of the carnage caused by Nazi Germany[,]" Nazi propaganda, and a pre-populated email field designed to allow the visitor to "receive 'Nazi White Wars Propaganda', purportedly from Plaintiff[.]"  For this conduct Plaintiff requested that the court reconsider its Amended Order and excuse Plaintiff from certain acts it must perform under the consent judgment, and also order Defendants to pay Plaintiff's attorneys' fees.

Second, Defendant filed a motion to "Void for Vagueness" the parties' Stipulation of Dismissal and Consent Judgment, insofar as those documents pertained to him.  Defendant's motion did not allege that the Stipulation of Dismissal and Consent Judgment were unconstitutionally vague, though, but merely claimed that Plaintiff had "breached intentionally several times" its duties under the Consent Judgment, and requested that the court void the above documents so that Defendant could "live free from fear or the chilling effect of unpredictable actions [of] [P]laintiff[.]"

---

[4]  This was not the first time Defendant claimed that Plaintiff was connected to Nazi Germany.  In a motion struck by a magistrate judge, Defendant alleged that Plaintiff had been in "active concert with the German State (country) which committed the acts/crimes of" genocide, slave/forced labor, crimes against humanity, and mass murder.

The district court ruled on both motions on May 21, 2014.  As to the former, the court found Defendant's actions to be "egregious and epitomiz[ing] bad faith[,]" and further found that Defendant had abused the terms of the consent judgment for the purpose of "besmirching Plaintiff's business reputation."  Given Defendant's use of "the redirection process solely for nefarious reasons" and his "multiple attempts to associate Plaintiff with Nazi war crimes[,]" the court granted Plaintiff's Motion for Reconsideration and awarded it fees and costs.

As to Defendant's motion, the court denied such for its lack of "factual or legal support . . . and fail[ure] to identify even a single provision [of the Stipulation of Dismissal and Consent Judgment] that [Defendant] seeks to dispute as vague."  Indeed, the court could not "discern any ambiguity from the terms of the Consent Judgment, which expressly sets forth the acts that are proscribed and the specific marks and designations that Defendants are enjoined from using[,]" and consequently denied Defendant's motion as "entirely frivolous[.]"  Because Defendant "has a history of submitting baseless filings" and "continu[ally] abus[ing] [] the litigation process," the district court also awarded Plaintiff its attorneys' fees incurred while defending the motion.

Two days later the district court ordered the Clerk of Court to enter judgment in favor of Plaintiff and against Defendants, jointly and severally, for $600,000.  The court then adopted the magistrate judge's May 12, 2014 Report and

8

Recommendations regarding Plaintiff's tabulation of the attorneys' fees and costs it incurred, filed in light of the multiple sanctions awarded to Plaintiff for Defendant's frivolous, abusive, and offensive conduct.  In total, the court found Defendants liable for $227,387 in attorneys' fees and $7,247.31 in costs.  Later, upon Plaintiff's motion, the court directed the Clerk to enter this judgment in Plaintiff's favor, which the Clerk did on June 19, 2014.[5]

Consistent with his motions practice, at numerous points throughout this litigation, Defendant filed notices of appeal as to various actions taken by the district court.  Specifically, on April 23, 2014 he filed a notice of appeal of the district court's Amended Order adopting the magistrate judge's December 12, 2013 Report and Recommendations. Plaintiff moved the Court to dismiss that appeal for untimeliness, which motion we denied.

Defendant subsequently filed two amended notices of appeal so as to also contest (1) the district court's initial Order adopting the magistrate judge's December 12, 2013 Report and Recommendations, (2) Order granting Plaintiff's Motion for Reconsideration, (3) Order denying Defendant's Motion to "Void for Vagueness" the Consent Judgment, (4) Order directing the Clerk of Court to Enter Judgment for Plaintiff, (5) Order adopting the magistrate judge's May 12, 2014 Report and Recommendations, (6) the magistrate judge's May 12, 2014 Reports

---

[5] The Clerk entered an Amended Judgment on June 24, 2014 to correct a scrivener's error.

and Recommendations, (7) the Clerk of Court's Entry of Judgment and Amended Entry of Judgment for Plaintiff, and (8) "[a]l motions/orders/matters in this case, including any and all pending motions or future motions[.]"

Following Defendant's filing of his amended notices Plaintiff again moved this Court to dismiss the appeal, which motion we granted in part and denied in part. Specifically, we held that Defendant's appeal was untimely as to the magistrate judge's May 12, 2014 Report and Recommendations, the district court's Order adopting such, and the Clerk of Court's Entry of Judgment and Amended Entry of Judgment for Plaintiff. We also dismissed the appeal as to any "orders not in existence at the time the second amended notice of appeal was filed." On the other hand, we permitted Defendant's appeal of the court's Order adopting the magistrate judge's December 12, 2013 Report and Recommendations, as well as "the other orders designated in [Defendant's] notices of appeal not dismissed by this Court[,]" to go forward.

Thus, presently before us on appeal are the district court's (1) Amended Order adopting the magistrate judge's December 12, 2013 Report and Recommendations; (2) initial Order adopting the magistrate judge's December 12, 2013 Report and Recommendations; (3) Order granting Plaintiff's Motion for Reconsideration; (4) Order denying Defendant's Motion to "Void for Vagueness" the Consent Judgment; and (5) Order directing the Clerk of Court to Enter

10

Judgment for Plaintiff.  Now fully briefed, we turn to Defendant's appeal of these orders.

## II.    STANDARD OF REVIEW

We review for an abuse of discretion a district court's order of civil contempt, order on a motion for reconsideration, and order on a motion for relief from a judgment.  *See Fed. Trade Comm'n v. Leshin*, 618 F.3d 1221, 1231 (11th Cir. 2010); *Richardson v. Johnson*, 598 F.3d 734, 740 (11th Cir. 2010); and *BUC Int'l Corp. v. Int'l Yacht Council Ltd.*, 517 F.3d 1271, 1275 (11th Cir. 2008).  We review de novo a district court's ruling on a motion to set aside a judgment for voidness.  *Stansell v. Revolutionary Armed Forces of Colombia*, 771 F.3d 713, 736 (11th Cir. 2014).

## III.    ANALYSIS

Defendant proceeds *pro se*.  While *pro se* litigants are afforded some leniency, they still must comply with procedural rules.  *Moton v. Cowart*, 631 F.3d 1337, 1340 n.2 (11th Cir. 2011) (collecting cases); *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).  Defendant's failure to do so here resolves this appeal.

### A.    We Do Not Consider Arguments Raised For the First Time on Appeal

The substance of Defendant's briefs on appeal focuses entirely upon the alleged improprieties of attorneys involved in the case, which allegations, in his Reply Brief, Defendant extends to the district court and magistrate judges.  First,

11

Defendant makes a number of claims about the conduct of certain attorneys, the nub of which is that they represented they served him with documents when they did not actually do so, divulged items he told them in confidence, and made a number of misrepresentations to him and the court.  Defendant believes this alleged pervasive dishonesty violates a number of professional responsibility and court rules, and, in his view, should subject the infringing individuals to "discipline."  Defendant then makes similar assertions about the district court and magistrate judges involved in the case, claiming they failed to serve him various documents, improperly considered statements made by Plaintiff's counsel, and failed to conduct proceedings with order and decorum.  Defendant asserts that these actions breach the Code of Judicial Conduct and constitute due process violations that "caused him harm and damage."

However, Defendant did not first present these arguments to the district court before presenting them to us in this appeal.[6]  Generally, this Court does not consider issues raised for the first time on appeal.  *Blue Cross & Blue Shield of Ala. v. Weitz*, 913 F.2d 1544, 1550 (11th Cir. 1990); *Dean Witter Reynolds, Inc. v. Fernandez*, 741 F.2d 355, 360 (11th Cir. 1984).  A number of exceptions to this rule exist, *see Princeton Homes, Inc. v. Virone*, 612 F.3d 1324, 1329 n.2 (11th Cir.

---

[6]  While he did make the above claims in motions filed during later stages of the proceedings, Defendant did not submit—nor did the court rule on—those motions before filing his Second Amended Notice of Appeal.  As noted in our January 28, 2015 order, the latter event is the cutoff point for consideration in this appeal.

12

2010), but none apply here.  Indeed, "'this circuit and the former Fifth Circuit have consistently held that a court will not consider on appeal for the first time a question that requires development of factual issues.'"  *Weitz*, 913 F.2d at 1550 (quoting *Troxler v. Owens-Ill.*, 717 F.2d 530, 533 (11th Cir. 1983)); *see also Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330–35 (11th Cir. 2004).  Consequently, Defendant's claims regarding the conduct of the attorneys, district court, and magistrate judges in this case are not properly before us, and we will not consider these newly-raised issues.

> **B.    Defendant Has Abandoned His Arguments Regarding the Orders Properly Before Us On Appeal**

With respect to the orders properly before the Court on appeal—those adopting the magistrate judge's December 12, 2013 Report and Recommendations, granting Plaintiff's Motion for Reconsideration, denying Defendant's Motion to "Void for Vagueness" the parties' Stipulation of Dismissal and Consent Judgment, and directing the Clerk of Court to enter judgment for Plaintiff—Defendant has abandoned any arguments regarding their accuracy or error.

As noted, Defendant's briefs focus entirely on the conduct of attorneys involved in this case, the district court, and magistrate judges.  Simply put, Defendant makes no argument whatsoever about the propriety of the orders before the Court in this appeal.  His few, fleeting references to the challenged orders in his statement of jurisdiction do not suffice.  *See Sapuppo v. Allstate Floridian Ins. Co.*,

739 F.3d 678, 681–82 (11th Cir. 2014) ("We have long held that an appellant abandons a claim where he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority.").

"'[T]he law is by now well settled in this Circuit that a legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed.'" *Holland v. Gee*, 677 F.3d 1047, 1066 (11th Cir. 2012) (quoting *Access Now, Inc.*, 385 F.3d at 1330); *see also Little v. T-Mobile USA, Inc.*, 691 F.3d 1302, 1306 (11th Cir. 2012) (collecting cases). Although briefs submitted by *pro se* parties receive a more liberal reading than those submitted by counseled litigants, they are not exempted from this consequence: "issues not briefed on appeal by a *pro se* litigant are deemed abandoned." *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). Thus, for his complete failure to brief his issues with the orders before this Court on appeal, Defendant has abandoned any claims he may otherwise have possessed. *See Sapuppo*, 739 F.3d at 680–82 and *Access Now, Inc.*, 385 F.3d at 1330.

A further point: "[w]e do not address arguments raised for the first time in a *pro se* litigant's reply brief[,]" as they are not properly before us. *Timson*, 518 F.3d at 874; *Lovett v. Ray*, 327 F.3d 1181, 1183 (11th Cir. 2003) (citing *Walker v. Jones*, 10 F.3d 1569, 1572 (11th Cir. 1994)). So, to the extent that Defendant questions the district court's and magistrate judges' compliance with the Code of

14

Judicial Conduct, he has similarly abandoned those concerns by omitting them from his opening brief and asserting them only in his Reply.

Accordingly, the orders of the district court before us on appeal are hereby **AFFIRMED.**

### C.    The District Court Did Not Abuse Its Discretion, Nor are the Stipulation of Dismissal and Consent Judgment Void for Vagueness

Were we to consider the substance of the district court's orders, though, we would not arrive at a different result.  First, the district court did not abuse its discretion in finding that Plaintiff established a prima facie case of contempt that Defendants failed to rebut, nor did it abuse its discretion in adopting the magistrate judge's December 12, 2013 Report and Recommendations to that effect.[7]  Below, Plaintiff presented evidence that Defendant—either personally, through aliases, or by agents—attempted to register prohibited trademarks, registered prohibited domain names, and redirected over twenty domains to a website filled with "atrocious" Nazi images and propaganda, among other things.  Because this presentation would permit "'a reasonable person [to] find a clear and convincing violation' of the [C]onsent [D]ecree[,]" the district court did not abuse its

---

[7] "'A district court abuses its discretion if it applies an incorrect legal standard, applies the law in an unreasonable or incorrect manner, follows improper procedures in making a determination, or makes findings of fact that are clearly erroneous.'"  *Fed. Trade Comm'n v. Nat'l Urological Grp., Inc.*, 785 F.3d 477, 481 (11th Cir. 2015) (quoting *Citizens for Police Accountability Political Comm. v. Browning*, 572 F.3d 1213, 1216–17 (11th Cir. 2009)).

discretion by granting Plaintiff's motions for contempt, awarding it sanctions, and adopting the relevant Reports and Recommendations of the magistrate judge. *Leshin*, 618 F.3d at 1231–32.

Second, the district court did not abuse its discretion by granting Plaintiff's Motion for Reconsideration. "'The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact.'" *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quoting *In re Kellog*, 197 F.3d 1116, 1119 (11th Cir. 1999)) (alteration in original). Plaintiff filed its Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 59(e) for precisely this reason: it uncovered new evidence of Defendant's extensive, offensive, and continued violations of the Consent Judgment. In light of the nature of Defendant's conduct and numerous violations of the Consent Judgment, the district court did not abuse its discretion by granting Plaintiff's Motion for Reconsideration.

Nor did the district court err by denying Defendant's motion to "Void for Vagueness" the parties' Stipulation of Dismissal and Consent Judgment. "'It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined.'" *Pine v. City of W. Palm Beach, Fla.*, 762 F.3d 1262, 1275 (11th Cir. 2014) (quoting *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972)). Assuming *arguendo* that Defendant can challenge the

16

Stipulation of Dismissal and Consent Judgment,[8] his claim that those documents are unconstitutionally vague would fail.  Simply, the Stipulation of Dismissal and Consent Judgment set out in great detail the conduct Defendants were required to avoid and the acts they were obligated to perform, and Defendant does not identify a single provision that is impermissibly vague, confusing, or lacking adequate direction.  Consequently, the district court properly denied Defendant's motion to Void for Vagueness the parties' Stipulation of Dismissal and Consent Decree.

Finally, given the foregoing, the district court was not wrong to direct the Clerk of Court to enter a judgment reflecting the liquidated damages, attorneys' fees, and costs for which it found Defendants jointly and severally liable.[9]

Accordingly, for the above reasons, we **AFFIRM** the orders of the district court adopting the December 12, 2013 Report and Recommendations of the magistrate judge, granting Plaintiff's Motion for Reconsideration, denying Defendant's motion to "Void for Vagueness" the parties' joint Stipulation of

---

[8] Ordinarily, "[a] party [] has no standing to appeal a judgment to which he or she consented[,]" *Reynolds v. Roberts*, 202 F.3d 1303, 1312 (11th Cir. 2000) (quotation omitted), and the vagueness doctrine typically applies to statutes or other legislative prohibitions, *see, e.g.*, *Kolender v. Lawson*, 461 U.S. 352, 358 (1983).

[9] Contrary to Defendant's half-hearted claims, the district court possessed jurisdiction over Plaintiff's action because its claims arose under federal trademark law, and venue was proper in the Southern District of Florida because Defendants resided and conducted business there.  15 U.S.C. § 1121; 28 U.S.C. §§ 1331, 1338, 1391(b), (c).

Dismissal and Consent Judgment, and directing the Clerk of Court to enter judgment for Plaintiff.