[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10692
Non-Argument Calendar
_____

D.C. Docket No. 0:12-cv-61580-JAL


BLANCO GMBH + CO. KG,

Plaintiff -
Counter Defendant -
Appellee,

versus

VLANCO INDUSTRIES, LLC, et al.,

Defendants,

VITO ANTONIO LAERA,

Defendant -
Counter Claimant -
Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 4, 2016)

Before ED CARNES, Chief Judge, TJOFLAT, and JILL PRYOR, Circuit Judges.

PER CURIAM:

In August 2012 Blanco GmbH + Co. KG, a German corporation and manufacturer of kitchen fixtures and accessories, brought a trademark infringement lawsuit against Vito Antonio Laera and two corporations of which he was president (collectively "Laera"). The parties ultimately reached a settlement and, in April 2013, jointly filed a stipulation of dismissal and a request for the court to enter a final judgment. Based on those filings, the district court entered a consent judgment, which set forth the parties' respective duties and obligations, provided for various remedies in the event of a breach, and stated that the district court retained jurisdiction to ensure the parties' compliance.

Soon after the ink dried on that judgment, Laera violated it blatantly, egregiously, and repeatedly. When Blanco discovered those violations, it filed two motions to hold Laera in contempt. The district court did so, and we affirmed. See Blanco GmbH + Co. KG v. Laera, 620 F. App'x 718 (11th Cir. 2015). In the interim, Blanco filed two additional motions to hold Laera in contempt because of new violations. It also moved for attorney's fees and sanctions. Laera responded with five motions to hold Blanco in contempt and a motion for an injunction against it.

2

The magistrate judge issued a report that recommended granting all of Blanco's motions and denying all of Laera's. The report provided the parties with fourteen days to file objections. On the deadline for filing objections, Laera filed twenty-nine pages of objections, which exceeded the twenty-page limit mandated by local rules, without seeking the court's permission to do so. The district court struck Laera's objections for that reason but provided him with an additional fourteen days to file new objections that complied with the page limits. On the deadline for refiling his objections, Laera instead filed a motion for leave to file a twenty-nine page objection, which the district court denied. Laera never filed objections that complied with the local rules. The district court adopted the magistrate judge's report and recommendation. Thereafter, Blanco moved for entry of judgment. The district court granted that motion and directed the clerk to enter judgment in favor of Blanco. This is Laera's pro se appeal.

As we construe his notice of appeal, Laera appeals the district court's order adopting the magistrate judge's report and recommendation.[1] He first contends

---

[1] Laera filed his notice of appeal on February 18, 2015. It identified only the district court's order granting Blanco's motion for entry of judgment. In his initial appellate brief, however, Laera purports to appeal a host of orders and other court actions, including an order that was issued in 2013, the consent judgment, the magistrate judge's report and recommendation, and "[a]ll motions/ orders/ matters [sic] in this case, including any and all pending motions or future motions . . . ." Although we liberally construe a pro se defendant's pleadings, "we nevertheless have required them to conform to procedural rules." Moton v. Cowart, 631 F.3d 1337, 1340 n.2 (11th Cir. 2011) (quotation marks omitted). We will therefore not review any orders or judgments that were not specified in Laera's notice of appeal. See Osterneck v. E.T. Barwick Industries, Inc., 825 F.2d 1521, 1528 (11th Cir. 1987) ("[A]n

3

that the district court did not have subject matter jurisdiction, arguing that "the court ha[d] no jurisdiction to hold [him] in civil contempt." That argument fails. District courts have original jurisdiction over civil actions arising under an act of Congress relating to trademarks, see 28 U.S.C. § 1338, and Blanco's complaint stated claims under federal trademark law.

Laera next contends that the district court erred by failing to consider his objections to the magistrate judge's report and recommendation, and that the district court clearly erred in its factfinding. When a party fails to object to the findings of fact in a magistrate judge's report, "those findings are adopted by the district court and the party may not challenge them on appeal in the absence of plain error or manifest injustice." Resolution Trust Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Despite having two opportunities to do so, Laera failed to timely file objections to the magistrate judge's report that complied with the local rules regarding page limits. Although he is entitled to some leeway as a pro se litigant, Laera is not exempt from the requirements of procedural rules. See Moton v. Cowart, 631 F.3d 1337, 1340 n.2 (11th Cir. 2011).

---

appellate court has jurisdiction to review only those judgments, orders or portions thereof which are specified in an appellant's notice of appeal."). Even if he had specified them, we would not consider his untimely appeal of orders or judgments from 2013. See Fed. R. App. P. (4)(a)(1)(A) ("In a civil case . . . the notice of appeal . . . must be filed with the district court within 30 days after the entry of the judgment or order appealed from."); Green v. Drug Enf't Admin., 606 F.3d 1296, 1300 (11th Cir. 2010) ("The timely filing of a notice of appeal in a civil case is a jurisdictional requirement.") (quotation marks and alteration omitted).

Because he failed to timely object to the magistrate judge's factfindings in a document meeting the requirements of the local rules and has not shown plain error or manifest injustice, Laera cannot now challenge those factfindings on appeal. Resolution Trust Corp., 996 F.2d at 1149.

Finally, Laera contends that Blanco failed to show that he acted in contempt because it did not establish that the consent judgment was "valid and lawful." Putting aside the fact that we already upheld the validity of the consent judgment in Laera's previous appeal, see Blanco GmbH + Co. KG, 620 F. App'x at 725–26, we adhere to the general rule that "a party normally has no standing to appeal a judgment to which he or she consented," Reynolds v. Roberts, 202 F.3d 1303, 1312 (11th Cir. 2000) (quotation marks omitted). Because Laera consented to the consent judgment, he cannot now challenge its validity on appeal. And while he asserts that the district court "expanded [the consent judgment] beyond the meaning of its terms," he fails to explain how it did so.

Laera makes various conclusory allegations that several judges involved in this case violated his due process rights as well as the Code of Judicial Conduct. Aside from baldly asserting those violations, however, he has "fail[ed] to elaborate or provide any citation of authority in support of [his] allegation[s]." Flanigan's Enters., Inc. v. Fulton County, 242 F.3d 976, 987 n.16 (11th Cir. 2001). He has therefore waived those arguments. See id.

5

**AFFIRMED.**